■ In the Matter of MICHAEL ANDERSON, Respondent, v IDRISSA SPARKS, Appellant, et al., Respondent. [795 NYS2d 631]—

In a child custody proceeding pursuant to Family Court Act article 6, the mother appeals from an order of the Family Court, Westchester County (Cooney, J.), dated December 2, 2003, which, after a hearing, inter alia, awarded permanent legal and physical custody of the subject child to the father with weekly supervised visitation to her.

Ordered that the order is affirmed, without costs or disbursements.

In February 2003, in a prior proceeding commenced by the Westchester County Department of Social Services pursuant to Family Court Act article 10, the Family Court determined that the mother had neglected the subject child, who was then seven years old, by refusing to follow a therapy and medication discharge plan after her release from a psychiatric hospital, and by refusing to enroll the child in school (*see Matter of My'Kia A.,* 8 AD3d 481 [2004]). In July 2003, the child's father, to whom temporary custody had been granted during the pendency of the neglect proceeding, commenced this proceeding pursuant to Family Court Act article 6 for permanent custody.

Contrary to the mother's contentions, the Family Court considered the appropriate factors in determining the best interests of the child (*see Eschbach v Eschbach,* 56 NY2d 167 [1982]; *Friederwitzer v Friederwitzer,* 55 NY2d 89, 95 [1982]).

The evidence presented at the hearing supports the Family Court's determination that the mother refused to obtain appropriate treatment for her mental health problem and failed to demonstrate that the child would attend school if placed in her care (*see Eschbach v Eschbach, supra; Kjellgren v Kjellgren*, 286 AD2d 752 [2001]). Further, the evidence established that the father enrolled the child in school and provided a stable home in which the child was doing well. Accordingly, because there is a sound and substantial basis in the record for the Family Court's determination, it should not be disturbed (*see Eschbach v Eschbach, supra; Friederwitzer v Friederwitzer, supra; Kuncman v Kuncman*, 188 AD2d 517 [1992]). Florio, J.P., Santucci, Mastro and Spolzino, JJ., concur.