■ SUSAN K. NEUMAN, Appellant, v MARVIN H. NEUMAN, Respondent. [796 NYS2d 403]—

In an action for a divorce and ancillary relief, the plaintiff appeals, as limited by her notice of appeal and brief, from stated portions of a judgment of divorce of the Supreme Court, Nassau County (Stack, J.), entered November 6, 2003, which, after a nonjury trial, inter alia, awarded the defendant residential custody of the parties' youngest child Teddy.

Ordered that the judgment is affirmed insofar as appealed from, with costs.

The plaintiff mother and the defendant father were married on March 20, 1988, and are the parents of Mark Neuman, born April 26, 1989, Aliza Neuman, born May 11, 1992, and Teddy Neuman, born January 26, 1998. In August 2000 the father left the marital home pursuant to an order of protection of the Family Court, Nassau County, dated August 9, 2000. The three children remained with the mother, and the parties arranged a visitation schedule whereby the children divided their weekends between both parents. In mid-2001 Mark began to live with the father. In March 2002 the mother and father entered into a written stipulation with the concurrence of the Law Guardian which provided, inter alia, that Mark would remain in the father's residential custody, and Teddy and Aliza would remain in the mother's residential custody, subject to certain visitation rights of the parties.

At a trial that spanned 11 months, the parties and the Law Guardian presented testimony including the report and testimony of the court-appointed forensic psychologist which revealed, as the Supreme Court noted, that "each party has severe limitations which inhibit their ability to parent." After hearing all of the evidence and after conducting an in camera interview with the two older children, the Supreme Court transferred residential custody of Teddy, the youngest child, from the mother to the father, in conformance with the recommendation of the Law Guardian but contrary to the conclusion of the court-appointed forensic examiner.

A court's paramount concern in any custody dispute is whether, under the totality of the circumstances, a transfer of custody is in the best interests of the child (*see* Domestic Relations Law § 70; *Eschbach v Eschbach,* 56 NY2d 167, 171 [1982]; *Friederwitzer v Friederwitzer,* 55 NY2d 89 [1982]; *Gainey v Gainey,* 303 AD2d 628, 629 [2003]; *Fanelli v Fanelli,* 215 AD2d 718, 719 [1995]; *Matter of Coyne v Coyne,* 150 AD2d 573, 575 [1989]). An appellate court must accord the hearing court, which observed witnesses and evaluated evidence first hand, great deference and the hearing court's findings should not be lightly disregarded unless such findings lack a sound and substantial basis in the record (*see Eschbach v Eschbach, supra* at 173; *Griffin v Scott,* 303 AD2d 504 [2003]).

The recommendations of court-appointed experts are but one factor to be considered in making a custody determination and are entitled to some weight (*see Miller v Pipia,* 297 AD2d 362, 365 [2002]; *Young v Young,* 212 AD2d 114, 118 [1995]). However, they are not determinative and do not usurp the judgment of the trial judge (*cf. Rentschler v Rentschler,* 204 AD2d 60 [1994]).

Where, as here, the forensic report was based solely on brief interviews (many done via telephone) with the parties, the children, the mother's paramour, teachers, a rabbi, and healthcare providers, did not contain any allegation of an underlying psychological problem regarding Teddy, and where no standardized psychological tests were administered nor objectives articulated for the child, the utility of the report was diminished. Moreover, the Supreme Court adopted many of the findings of the report and assisted by those findings, along with the in camera interview, and other evidence in the record, concluded that the mother frustrated visitation with the father. Thus, the Supreme Court's determination that the father was the parent more likely to abide by the agreed upon visitation and to foster a relationship with the nonresidential custodial parent (*see Young v Young, supra* at 123) was well-founded. Accordingly, the award of residential custody of Teddy to the father should not be disturbed.

The appellant's remaining contentions are without merit. Ritter, J.P., Goldstein, Luciano and Lifson, JJ., concur.