■ In the Matter of JOSHUA HALPERN, Respondent, v FRANCES HALPERN, Appellant. [798 NYS2d 129]—

In a child custody proceeding pursuant to Family Court Act article 6, the mother appeals from an order of the Family Court, Kings County (Pearl, J.), dated April 19, 2004, which, after a hearing, among other things, awarded custody of the parties' children to the father and supervised visitation to her.

Ordered that the order is affirmed, without costs or disbursements.

The Family Court is in the best position to evaluate the credibility and character of the parties and the various witnesses (*see Eschbach v Eschbach,* 56 NY2d 167 [1982]). Factors to be considered in determining a child's best interests include: "the

quality of the home environment and the parental guidance the custodial parent provides for the child . . . the ability of each parent to provide for the child's emotional and intellectual development . . . the financial status and ability of each parent to provide for the child . . . the relative fitness of the respective parents, and the length of time the present custody arrangement has been in effect" (*Matter of Walton v Walton,* 306 AD2d 491, 492 [2003] [internal quotation marks omitted]; *cf. Matter of Krebsbach v Gallagher,* 181 AD2d 363, 364-365 [1992]).

The Family Court had the opportunity to observe the mother and the father over an extended period, and received testimony from numerous individuals, including the parties, a court-appointed psychologist, and a court-appointed Law Guardian with responsibility to protect the children's interest (*see Canazon v Canazon,* 215 AD2d 652, 653 [1995]; *Matter of Vernon Mc. v Brenda N.,* 196 AD2d 823 [1993]). After performing a comprehensive evaluation of the parties, the court-appointed psychologist concluded that the father was the more appropriate custodial parent. The mother was found to suffer from a paranoid delusional disorder which impaired her ability to function adequately as a parent (*see also Landau v Landau,* 214 AD2d 541 [1995]).

Based on the totality of the circumstances (*see Eschbach v Eschbach, supra*), the Family Court's determination had a sound and substantial basis in the record, and was in the best interests of the children. Thus, the Family Court properly, inter alia, awarded custody to the father (*see e.g. Kuncman v Kuncman,* 188 AD2d 517 [1992]). H. Miller, J.P., Schmidt, Adams and Goldstein, JJ., concur.