◼ In the Matter of Emilia Kozlowski, Respondent, v Thomas Mangialino, Appellant. (Proceeding No.1.) In the Matter of Thomas Mangialino, Appellant, v Emilia Kozlowski, Respondent. (Proceeding No.2.) [830 NYS2d 557]—In two related child custody proceedings pursuant to Family Court Act article 6, the father appeals from an order of the Family Court, Queens County (DePhillips, J.), dated October 27, 2005, which, after a hearing, granted the mother's petition for custody of the child, and awarded liberal unsupervised visitation to him.

Ordered that the order is affirmed, with costs.

The essential consideration in a custody determination is to promote the best interests of the child (see *Eschbach v Eschbach,*

56 NY2d 167, 171 [1982]; *Friederwitzer v Friederwitzer,* 55 NY2d 89, 95 [1982]). "Since the Family Court's custody determination is largely dependent upon an assessment of the credibility of the witnesses and upon the character, temperament, and sincerity of the parents, its determination should not be disturbed unless it lacks a sound and substantial basis in the record" (*Matter of Plaza v Plaza,* 305 AD2d 607 [2003]; *see Matter of Louise E. S. v W. Stephen S.,* 64 NY2d 946, 947 [1985]). The recommendations of court-appointed experts and the positions of law guardians are factors to be considered in making a custody determination and are entitled to some weight (*see Neuman v Neuman,* 19 AD3d 383, 384 [2005]; *Miller v Pipia,* 297 AD2d 362, 365 [2002]; *Young v Young,* 212 AD2d 114, 118 [1995]). However, they are not determinative and do not usurp the judgment of the trial judge (*see Neuman v Neuman, supra*).

Under the circumstances of this case, we decline to disturb the Family Court's determination. Ritter, J.P., Krausman, Goldstein and Lunn, JJ., concur.