■ In the Matter of Ivo A. NIKOLIC, Respondent-Appellant, v CAROL ANN INGRASSIA, Appellant-Respondent. [850 NYS2d 539]—

In a child custody proceeding pursuant to Family Court Act article 6, the mother appeals, as limited by her brief, from stated portions of an order of the Family Court, Nassau County (Pessala, J.), dated December 29, 2006, which, after a hearing, inter alia, awarded physical custody of the subject child to the father, and the father cross-appeals, as limited by his brief, from so

much of the same order as awarded visitation to the mother for all weekends, holidays, and summer vacations.

Ordered that the order is modified, on the law and in the exercise of discretion, by deleting the provision thereof awarding visitation to the mother for all weekends, holidays, and summer vacations; as so modified, the order is affirmed, without costs or disbursements, and the matter is remitted to the Family Court, Nassau County, for determination of a new visitation schedule in accordance herewith; and it is further,

Ordered that pending determination of a new visitation schedule, the visitation schedule set forth in the order dated December 29, 2006 shall remain in effect.

The parties are the parents of a daughter born July 21, 2002. The mother has a son from a previous marriage, born April 30, 1989. The mother and the father separated in April 2004 and both parents filed petitions for custody of their daughter, who remained with the mother during the pendency of the proceedings, with steadily increasing visitation to the father. On December 29, 2006 the Family Court awarded custody to the father, with visitation to the mother for all weekends, holidays, and summer vacations.

The court's paramount concern in any custody dispute is whether, under the totality of the circumstances, a determination of custody is in the best interests of the child (*see Eschbach v Eschbach*, 56 NY2d 167, 171 [1982]; *Neuman v Neuman*, 19 AD3d 383, 384 [2005]). Deference should be afforded the hearing court which observed witnesses and evaluated evidence firsthand (*see Eschbach v Eschbach*, 56 NY2d at 173), and "[t]he hearing court's custody determination should not be set aside unless it lacks a sound and substantial basis in the record" (*see Matter of Fallarino v Ayala*, 41 AD3d 714, 715 [2007]; *Neuman v Neuman*, 19 AD3d at 384).

Here, the Family Court found that the mother had interfered with the father's visitation rights by demonstrating a "relentless determination . . . to have the father characterized as an abuser" and thereby preclude his access to the child. The court's finding is supported by substantial evidence, including several unfounded reports of abuse made by the mother to the police and to Child Protective Services, as well as the opinion of a psychologist that the young child may have been coached to say that her father had hit her. We have recognized that the " '[w]illful interference with a noncustodial parent's right to visitation is "so inconsistent with the best interests of the child as to raise a strong probability that the [offending party' is unfit to act as a custodial parent " ' " (*Matter of Joosten v Joosten*, 282 AD2d

748 [2001]; *see Entwistle v Entwistle*, 61 AD2d 380, 384-385 [1978]).

In awarding custody to the father, the Family Court declined to follow the recommendation of a forensic evaluator that the mother was the preferred custodial parent. The recommendations of court appointed experts are but one factor to be considered and are entitled to some weight (*see Matter of Kozlowski v Mangialino*, 36 AD3d 916, 917 [2007]; *Miller v Pipia*, 297 AD2d 362, 365 [2002]). However, such opinions are not determinative and do not usurp the judgment of the trial judge (*see Matter of Kozlowski v Mangialino*, 36 AD3d 916, 917 [2007]; *Neuman v Neuman*, 19 AD3d at 384). Here, the forensic evaluator interviewed the parties prior to the time it was discovered that the mother intentionally interfered with the father's visitation rights and without consulting outside sources to test the possibility that the mother was lying about the father's conduct. Thus, the court properly declined to follow that evaluator's recommendation, which was based upon incomplete information.

Further, contrary to the mother's contentions, the custody order did not fail to take into account the child's relationship with her brother. While courts should be reluctant to separate siblings, there are circumstances in which the best interests of each child differ (*see Matter of Lightbody v Lightbody*, 42 AD3d 537, 538 [2007]). Here, the record lacked evidence of a close relationship between the child and her brother, who was 13 years older with plans to go to college. Further, the visitation schedule afforded him ample opportunity to see his sister, since visitation was granted exclusively on days in which school is not in session.

We agree with the Family Court that the mother should be afforded liberal visitation, but disagree with the amount of visitation time granted. "When adjudicating visitation rights, the court's first concern [should be] the welfare and interests of the child" (*McGrath v D'Angio-McGrath*, 42 AD3d 440, 441 [2007]). The visitation schedule here awards every weekend, holiday, and summer vacation to the mother. While this schedule takes into account the child's need for the mother, it fails to take into account the importance of the child's relationship with the father and his extended family by depriving the child of contact during times usually reserved for family gatherings and recreation. To that extent, the visitation schedule is contrary to the best interests of the child. We remit the matter to the Family Court, Nassau County, for a hearing to determine a visitation schedule in accordance with the best interests of the child in

developing her relationships with the father and the families of the mother and the father, by reserving some weekends, holidays, or summer vacation days to the father. Mastro, J.P., Covello, Angiolillo and Carni, JJ., concur.