■ In the Matter of MICHAEL P.T., Respondent, v SUSAN M.-T., Appellant. [865 NYS2d 797]—

Appeal from an order of the Family Court, Seneca County (Dennis F. Bender, J.), entered October 27, 2006 in a proceeding pursuant to Family Court Act article 6. The order, among other things, granted petitioner's motion for summary judgment and awarded petitioner sole custody of the parties' two children.

It is hereby ordered that the order so appealed from is unanimously reversed on the law without costs, the motion is denied, the cross petition is reinstated and the matter is remitted to Family Court, Seneca County, for a hearing on the amended petition and cross petition, and

It is further ordered that, pending a new determination, petitioner shall retain sole custody of the parties' children.

Memorandum: We agree with respondent mother that Family Court erred in granting petitioner father's motion for summary judgment and awarding the father sole custody of the parties' two children without conducting a hearing, relying instead on the evidence previously adduced at a hearing pursuant to Family Court Act article 10 (*Matter of Merrick T.*, 55 AD3d 1318 [2008];

*see Matter of Jacqueline Sharon L. v Pamela G.,* 26 AD3d 250 [2006]; *Matter of Anderson v Sparks,* 18 AD3d 656 [2005]). Determinations affecting custody and visitation generally should be made following a full evidentiary hearing (*see Matter of Kenneth M. v Monique M.,* 48 AD3d 1174, 1174-1175 [2008]; *Matter of Smith v Brown,* 272 AD2d 993 [2000]) and, contrary to the father's contention, the doctrine of collateral estoppel does not preclude the mother from contesting the issues of custody and visitation herein. Those issues in the context of this proceeding "are not identical to those of . . . neglect in the [prior] Family Court proceeding," and the mother and the Ontario County Department of Social Services, the petitioner in the prior proceeding, "do 'not share actual or functional identity as parties' " (*Ralph M. v Nancy M.,* 280 AD2d 995, 996 [2001], quoting *Matter of Juan C. v Cortines,* 89 NY2d 659, 667 [1997]). We note that the court erred in relying upon *Matter of Woodruff v Adside* (26 AD3d 866 [2006]) in stating that, "[a]s a result of her determined neglect of the children" in the article 10 proceeding, the mother "was incapable of fulfilling the obligations of a custodial parent" and thus no hearing in this proceeding was required. Among other distinguishing factors in *Woodruff,* the respondent mother in that case was incarcerated. Present—Martoche, J.P., Smith, Lunn, Pine and Gorski, JJ.