■ In the Matter of CRAIG BERKHAM, SR., Respondent, v ADELE VESSIA, Appellant. [882 NYS2d 449]—

In two related child custody proceedings pursuant to Family Court Act article 6, the mother appeals from an order of the Family Court, Suffolk County (Tarantino, Jr., J.), dated Febru-

ary 29, 2008, which, after a hearing, granted the father's petition for sole custody of the parties' child and to direct that her visitation with the subject child be supervised, and denied her cross petition for sole custody of the subject child.

Ordered that the order is affirmed, without costs or disbursements.

Contrary to the mother's contentions, the Family Court considered the appropriate factors in determining the best interests of the child (see Eschbach v Eschbach, 56 NY2d 167 [1982]). Since a custody determination necessarily depends to a great extent upon an assessment of the character and credibility of the parties and witnesses, deference is accorded the court's findings (see Cuccurullo v Cuccurullo, 21 AD3d 983 [2005]). Therefore, its findings should not be set aside unless they lack a sound and substantial basis in the record (see Matter of Nikolic v Ingrassia, 47 AD3d 819, 820 [2008]; Neuman v Neuman, 19 AD3d 383, 384 [2005]). The evidence presented at the hearing supports the Family Court's determination that the mother refused to obtain appropriate treatment for her serious mental health problem which impaired her ability to function adequately as the custodial parent (see Matter of Halpern v Halpern, 20 AD3d 420, 421 [2005]; Landau v Landau, 214 AD2d 541, 541-542 [1995]). Further, the evidence established that the father was recovering from his substance abuse problems and that the subject child was doing well in his care. Consequently, the Family Court's determination to award sole custody to the father, which was consistent with the opinion of the court-appointed forensic expert and the position of the attorney for the child, has a sound and substantial basis in the record and will not be disturbed.

Under these circumstances, the Family Court providently exercised its discretion in directing that the mother's visitation be supervised (see Matter of Westfall v Westfall, 28 AD3d 1229, 1230 [2006]; Matter of Anderson v Sparks, 18 AD3d 656, 657 [2005]). Mastro, J.P., Eng, Belen and Hall, JJ., concur.