■ ERIK L. BAKER, Appellant, v PATRICIA P. BAKER, Respondent. [887 NYS2d 223]—

In an action for a divorce and ancillary relief, the plaintiff father appeals, as limited by his brief, from stated portions of an order of the Supreme Court, Queens County (Strauss, J.), dated January 22, 2009, which, after a hearing, inter alia, denied his motion, among other things, to modify the parties' stipulation by awarding him sole custody of the parties' child and, in effect, modified the parties' stipulation by awarding the defendant mother ultimate decision-making authority with respect to the child's medical and dental issues.

Ordered that the order is affirmed insofar as appealed from, with costs.

The parties entered into a stipulation whereby the defendant mother was awarded primary physical custody of the parties' child. The stipulation required the parties to consult with each other regarding the child's issues, but in the event no agreement could be reached, the defendant mother was given ultimate decision-making authority with respect to the child's educational issues, and the plaintiff father was given ultimate decision-making authority with respect to the child's medical, dental, and religious issues.

Where, as here, parents enter into an agreement concerning custody, that agreement will not be modified unless there is a sufficient change in circumstances since the time of the stipulation, and unless modification of the custody arrangement is in the best interests of the child (*see Matter of Said v Said*, 61 AD3d 879, 880 [2009]; *Matter of Manfredo v Manfredo*, 53 AD3d 498, 499 [2008]; *Matter of Rawlins v Barth*, 21 AD3d 495 [2005]).

Here, we decline to disturb the Supreme Court's determination, which denied the plaintiff father's motion for sole custody of the child and, in effect, modified the parties' stipulation by awarding the defendant mother ultimate decision-making authority with respect to the child's medical and dental issues, as it is supported by a sound and substantial basis in the record (*see Wideman v Wideman*, 38 AD3d 1318 [2007]; *Matter of Ring v Ring*, 15 AD3d 406 [2005]).

The recommendations of court-appointed experts, and the position of the attorney for the child, are factors to be considered and are entitled to some weight, but such recommendations and position are not determinative and do not usurp the judgment of the trial judge (*see Matter of Nikolic v Ingrassia*, 47 AD3d 819, 821 [2008]; *Matter of Kozlowski v Mangialino*, 36 AD3d 916, 917 [2007]; *Miller v Pipia*, 297 AD2d 362, 365 [2002]). Consequently, the Supreme Court was not obligated to adopt the recommendation of the court-appointed forensic evaluator

and the position of the attorney for the child, and adequately explained its reasons for disregarding those recommendations and that position (*see Vinciguerra v Vinciguerra*, 294 AD2d 565, 566 [2002]).

The plaintiff father's remaining contentions are without merit. Skelos, J.P., Santucci, Belen and Hall, JJ., concur.