■ In the Matter of JOSEPH AGUIRRE, Respondent, v ALICIA ROMANO, Appellant. In the Matter of ALICIA ROMANO, Appellant, v JOSEPH AGUIRRE, Respondent. [900 NYS2d 150]—

In related proceedings pursuant to Family Court Act article 6, the mother appeals from (1) a decision of the Family Court, Queens County (Seiden, Ct. Atty. Ref.), dated May 10, 2009, made after a hearing, (2) stated portions of an order of the same court dated September 18, 2009, and (3) so much of a corrected order of the same court dated November 9, 2009, as, upon the decision, awarded visitation to the father for one week every month in Florida until the child starts school at the age of five and awarded the father additional overnight visits in New York upon two weeks notice to the mother. By decision and order on

motion dated November 2, 2009, this Court granted the mother's motion to stay enforcement of so much of the order dated September 18, 2009, as awarded visitation to the father for one week every month in Florida until the child starts school at the age of five and awarded the father additional overnight visits in New York upon two weeks notice to the mother pending hearing and determination of the appeals.

Ordered that the appeal from the decision is dismissed, without costs or disbursements, as no appeal lies from a decision (*see Schicchi v J.A. Green Constr. Corp.*, 100 AD2d 509 [1984]); and it is further,

Ordered that the appeal from the order dated September 18, 2009, is dismissed, without costs or disbursements, as that order was superseded by the corrected order dated November 9, 2009; and it is further,

Ordered that the corrected order dated November 9, 2009, is reversed insofar as appealed from, on the law and in the exercise of discretion, without costs or disbursements, so much of the order dated September 18, 2009, as awarded visitation to the father for one week every month in Florida until the child starts school at the age of five and awarded the father additional overnight visits in New York upon two weeks notice to the mother is vacated, and the matter is remitted to the Family Court, Queens County, for determination of a new visitation schedule in accordance herewith, including an evidentiary hearing, if necessary; and it is further,

Ordered that pending the determination of a new visitation schedule, the visitation schedule set forth in the temporary order of visitation of the Family Court, Queens County (Seiden, Ct. Atty. Ref.), dated July 1, 2008, shall remain in effect.

The parties are the parents of a son born on August 9, 2007. After the child's birth, the father stayed at the mother's house in New York for about two weeks. The father then returned to his home in Florida without any plans to return to New York or for the child to go to Florida. In October 2007 the mother filed a petition for sole custody of the child. In March 2008 the father filed a petition for custody or visitation. The child remained with the mother during the pendency of the proceedings. However, the father had nine one-day visits, one overnight visit, and one weekend visit with the child in New York. Additionally, the child visited with the father in Florida for one week in February 2009.

After a hearing, the Family Court awarded sole custody to the mother, with visitation to the father for one week per month in Florida, until the child starts school at the age of five. In 2012

and 2013, the father was to have visitation in Florida during alternating school recesses and four weeks during the summer. Commencing in 2014, after the child turned seven, the father was to have visitation during alternating school recesses and six weeks during the summer. Further, the father could have any additional overnight visits in New York upon two weeks' notice to the mother. Finally, the parties were to alternate holidays. The mother appeals.

"When adjudicating visitation rights, the court's first concern is 'the welfare and the interests of the children' " (*McGrath v D'Angio-McGrath*, 42 AD3d 440, 441 [2007], quoting *Matter of Lincoln v Lincoln*, 24 NY2d 270, 272 [1969]; *see Friederwitzer v Friederwitzer*, 55 NY2d 89, 93 [1982]; *Matter of Amber D.C.*, 53 AD3d 613 [2008]) "Visitation is a joint right of the noncustodial parent and of the child" (*Weiss v Weiss*, 52 NY2d 170, 175 [1981]; *see Matter of Thomas S. v Kathleen Z.*, 149 AD2d 599 [1989]).

While we agree with the Family Court that the father should be afforded frequent and meaningful visitation with the child, we disagree with the amount of visitation time awarded in Florida until the child starts school at the age of five (*see Matter of Nikolic v Ingrassia*, 47 AD3d 819 [2008]). While it is true that the recommendation of a court-appointed expert is but one factor to be considered and not determinative, such recommendation is entitled to some weight (*see Baker v Baker*, 66 AD3d 722 [2009]; *Matter of Edwards v Rothschild*, 60 AD3d 675 [2009]). Here, the court-appointed expert agreed with the mother that it was not advisable to separate such a young child from his primary caregiver at such frequent intervals and for such extended periods of time. Additionally, the existing monthly visitation schedule providing for the child to spend one week per month in Florida and the remainder of each month in New York creates a situation in which the child has two homes and no real sense of permanency in either, since the father is permitted to schedule his visitation week upon one week's notice to the mother (*see Mathie v Mathie*, 65 AD3d 527 [2009]). While both the child and the father eventually should have visitation opportunities in Florida, the child's tender years warrant a gradual and careful approach. Accordingly, a visitation schedule should be devised that would allow a period of weekend visitation and some holiday visits in New York until the child adapts to visiting with his father. After this period, the visitation schedule eventually can progress to the child and father having some holiday and summer vacation visits in Florida (*id.* at 527; *Matter of Wirth v Wirth*, 56 AD3d 787 [2008]; *Matter of Wisloh-Silverman v Dono*,

39 AD3d 555 [2007]). Dillon, J.P., Balkin, Lott and Sgroi, JJ., concur.