In a child custody proceeding pursuant to Family Court Act article 6, the mother appeals from an order of the Family Court, Nassau County (Singer, J.), *635 dated April 6, 2009, which, after a hearing, granted the father’s petition for sole custody of the child and awarded her only supervised visitation.
Ordered that the order is affirmed, without costs or disbursements.
The court’s paramount concern in any custody dispute is whether, under the totality of the circumstances, a determination of custody is in the best interests of the child (see Eschbach v Eschbach, 56 NY2d 167,171 [1982]; Matter of Nikolic v Ingrassia, 47 AD3d 819 [2008]). Custody determinations turn in large part on assessments of the credibility, character, temperament, and sincerity of the parties, and where a full evidentiary hearing has been held on the child’s best interests, the resultant findings will not be lightly set aside on appeal (see Petek v Petek, 239 AD2d 327 [1997]). The Family Court’s findings should be accorded deference and its determination should not be disturbed unless it lacks a sound and substantial basis in the record (see Eschbach v Eschbach, 56 NY2d at 173-174; Salvatore v Salvatore, 68 AD3d 966 [2009]; Matter of Berkham v Vessia, 63 AD3d 1155 [2009]).
Here, contrary to the mother’s contention, the Family Court’s finding that the child’s best interests would be served by an award of sole custody to the father, with supervised visitation to the mother, has a sound and substantial basis in the record. Skelos, J.E, Hall, Roman and Sgroi, JJ., concur.