In the Matter of JUSTIN CHERY, Appellant, v JILLIANNE RICHARDSON, Respondent. [930 NYS2d 663]—

The parties have one child together, a daughter born November 24, 2000. By order dated December 3, 2004, entered upon the father's consent, custody was awarded to the mother with visitation to the father. On August 23, 2006, the father filed a petition pursuant to Family Court Act article 6 seeking to modify the order dated December 3, 2004, so as to award him sole custody of the child. After a hearing, the Family Court denied the petition. The father appeals, and we affirm insofar as appealed from.

"Modification of an existing custody arrangement is permissible only upon a showing that there has been a change in circumstances such that modification is necessary to ensure the best interests of the child. The court must consider the totality of the circumstances" (*Matter of Strand-O'Shea v O'Shea*, 32 AD3d 398, 398 [2006]; *see Eschbach v Eschbach*, 56 NY2d 167 [1982]; *Matter of Riedel v Riedel*, 61 AD3d 979 [2009]). "In this regard, the court should consider whether the alleged changed circumstances indicate one of the parties is unfit, the nature and quality of the relationships between the child and the parties, and the existence of a prior agreement" (*Matter of Fallarino v Ayala*, 41 AD3d 714, 715 [2007]). Since custody determinations turn in large part on assessments of the credibility, character, temperament and sincerity of the parties, the Family Court's determination should not be disturbed unless it lacks a sound and substantial basis in the record (*see Eschbach*

*v Eschbach*, 56 NY2d at 173-174; *Salvatore v Salvatore*, 68 AD3d 966 [2009]; *Matter of Berkham v Vessia*, 63 AD3d 1155 [2009]).

The Family Court's determination that there had not been a change of circumstances sufficient to warrant a change in custody had a sound and substantial basis in the record and will not be disturbed. While the mother displayed serious parenting lapses during 2006, the issues concerning the child's hygiene and school attendance and performance had been ameliorated by the mother. The mother's history of failing to encourage, and at times willfully interfering with, visitation had likewise been ameliorated by the time of the Family Court's determination. Further, a change of custody was not warranted based upon the mother's evening work schedule (*see Matter of Bjork v Bjork*, 58 AD3d 951 [2009]; *Matter of Moreau v Sirles*, 268 AD2d 811 [2000]). The mother retained a live-in babysitter who, along with the child's older half-siblings, adequately cared for the child when the mother was at work. Moreover, the social worker testified that, while the child had a loving relationship with both parents, her primary bond was with her mother and half-siblings, with whom she resided and was extremely close. Courts will not disrupt sibling relationships unless there is an overwhelming need to do so (*see Eschbach v Eschbach*, 56 NY2d at 173; *Matter of Ebert v Ebert*, 38 NY2d 700, 704 [1976]; *Matter of Murray v Hall*, 294 AD2d 504 [2002]). The attorney for the child also took the position that custody should remain with the mother, and the child communicated that preference. Recommendations of court-appointed evaluators and the position of the attorney for the child are not determinative, but they are factors to be considered and are entitled to some weight (*see Baker v Baker*, 66 AD3d 722 [2009]; *Matter of Kozlowski v Mangialino*, 36 AD3d 916 [2007]). The child's preference, while not determinative, may also be indicative of the child's best interests (*see Dintruff v McGreevy*, 34 NY2d 887 [1974]; *Cieri v Cieri*, 56 AD3d 409 [2008]). Finally, joint custody was not feasible, since the parties failed to communicate and work well together, if at all, in parenting the child (*see Matter of Bjork v Bjork*, 58 AD3d 951 [2009]; *Matter of Benjamin v Benjamin*, 48 AD3d 912 [2008]).

The father's contentions regarding his violation petitions are not properly before this Court on these appeals.

The father's remaining contention is without merit. Dillon, J.P., Belen, Roman and Miller, JJ., concur.