■ In the Matter of MELISSA CROWDER, Appellant, v DWAYNE AUSTIN, Respondent. [934 NYS2d 227]—

"Modification of an existing custody arrangement is permissible only upon a showing that there has been a change in circumstances such that modification is necessary to ensure the best interests of the child. The court must consider the totality of the circumstances" (*Matter of Chery v Richardson,* 88 AD3d

788, 788 [2011] [internal quotation marks omitted]). The determination of visitation issues is entrusted to the sound discretion of the Family Court and will not be disturbed unless it lacks a sound and substantial basis in the record (*see generally Matter of Ross v Ross*, 86 AD3d 615 [2011]).

Here, the Family Court's determination to limit overnight weekend visits to once per month, rather than twice, was supported by a sound and substantial basis in the record. More frequent overnight visits between the child and the mother would result in the child spending less time with her half-brother, with whom the child has a very close relationship. "Courts will not disrupt sibling relationships unless there is an overwhelming need to do so" (*Matter of Chery v Richardson*, 88 AD3d at 789). In addition, the subject child, who is nine years old, expressed her clear preference to have only one overnight weekend visit with the mother per month. "The child's preference, while not determinative, may also be indicative of the child's best interests" (*id*).

Accordingly, the Family Court properly, in effect, granted the mother's petition to modify the prior order of custody and visitation dated October 31, 2008, only to the extent of directing that she have one overnight weekend visit and three day visits with the child per month. Mastro, A.P.J., Hall, Sgroi and Cohen, JJ., concur.