■ In the Matter of SHERRY PITT, Appellant, v SCOTT REID, Respondent. [975 NYS2d 684]—

In related custody proceedings pursuant to Family Court Act article 6, the mother appeals, as limited by her brief, from so much of an order of the Family Court, Orange County (Kiedaisch, J.), dated November 2, 2012, as, after a hearing, in effect, denied that branch of her petition which was for an order directing the parties and their children to enroll in the "Family Bridges Program," and directed her and the subject children to enroll and engage in family counseling.

Ordered that the order is affirmed insofar as appealed from, with costs.

In these related custody proceedings, the Family Court properly denied that branch of the mother's petition which was for an order directing the parties and their children to enroll in the "Family Bridges Program," a program to treat parental alienation which was recommended by the court-appointed forensic evaluator. The recommendations of court-appointed experts are but one factor to be considered and are entitled to some weight (*see Baker v Baker*, 66 AD3d 722, 723 [2009]; *Matter of Nikolic v Ingrassia*, 47 AD3d 819, 821 [2008]; *Matter of Kozlowski v Mangialino*, 36 AD3d 916 [2007]). Such opinions, however, are not determinative and must not be permitted to usurp the judgment of the trial judge (*see Baker v Baker*, 66 AD3d at 723; *Matter of Nikolic v Ingrassia*, 47 AD3d at 821; *Matter of Kozlowski v Mangialino*, 36 AD3d 916 [2007]). Consequently, in this case the court was not obligated to adopt the recommendation of the court-appointed forensic evaluator. The court adequately explained its reasons for disregarding that recommendation and instead directing the mother and the subject children to enroll and engage in family counseling (*see Baker v Baker*, 66 AD3d at 723-724; *Berstell v Krasa-Berstell*, 272 AD2d 566 [2000]). Further, the court's determination had a sound and substantial basis in the record (*see Vinciguerra v Vinciguerra*, 294 AD2d 565, 566 [2002]; *Matter of Maysonet v Contreras*, 290 AD2d 510 [2002]). Dillon, J.P., Sgroi, Cohen and Miller, JJ., concur.