■ In the Matter of Dawn Fallo, Appellant, v Ronald Tallon, Respondent. (Proceeding No. 1.) In the Matter of Ronald Tallon, Respondent, v Dawn Fallo, Appellant. (Proceeding No. 2.) [989 NYS2d 80]—

In related proceedings pursuant to Family Court Act article 6, the mother appeals from an order of the Family Court, Suffolk County (Genchi, Ct. Atty. Ref.), dated July 23, 2013, which, after a hearing, denied her petition for sole legal and physical custody of the parties' children and for leave to relocate to Jefferson, New York, and granted the father's cross petition for sole legal and physical custody of children.

Ordered that the order is modified, on the law, on the facts, and in the exercise of discretion, by (1) deleting the provision thereof denying that branch of the mother's petition which was for sole legal and physical custody of the parties' children, and

substituting therefor a provision granting that branch of the petition, and, (2) by deleting the provision thereof granting the father's cross petition for sole legal and physical custody of the children, and substituting therefor a provision denying the cross petition; as so modified, the order is affirmed, without costs or disbursements, and the matter is remitted to the Family Court, Suffolk County, for further proceedings consistent herewith, to establish an appropriate visitation schedule for the father; and it is further,

Ordered that pending further order of the Family Court, Suffolk County, the father shall have unsupervised visitation with the children alternating weekends from Friday at 7:00 p.m. through Sunday at 7:00 p.m., and shall have the right to exercise mid-week visits every Tuesday from 5:30 p.m. to 8:30 p.m., or as the parties may otherwise agree.

The mother and the father, who were never married, are the parents of a nine-year-old daughter and four-year-old daughter. Before their older child was born, the parties agreed that the mother would stay home and care for the parties' children, and the father would work to financially support the family. In January 2013, after the parties' relationship deteriorated, the mother filed a petition, inter alia, for sole legal and physical custody of the parties' children, and the father cross-petitioned for sole legal and physical custody of the children. After a hearing at which the parties and other witnesses testified at length, the Family Court awarded the father sole legal and physical custody of the subject children.

The essential consideration in any custody dispute is the best interests of the children (see *Eschbach v Eschbach*, 56 NY2d 167, 171 [1982]). In determining the best interests of the children, the court must evaluate the totality of the circumstances (see *id.*; *Friederwitzer v Friederwitzer*, 55 NY2d 89, 95-96 [1982]; *Nicholas T. v Christine T.*, 42 AD3d 526, 527 [2007]; *Matter of Berrouet v Greaves*, 35 AD3d 460, 461 [2006]). This Court's authority in custody determinations is as broad as that of the hearing court (see *Matter of Louise E.S. v W. Stephen S.*, 64 NY2d 946, 947 [1985]), and, while we are mindful that the hearing court has an advantage in being able to observe the demeanor and assess the credibility of witnesses, we "would be seriously remiss if, simply in deference to the finding of a Trial Judge," we allowed a custody determination to stand where it lacks a sound and substantial basis in the record (*Matter of Gloria S. v Richard B.*, 80 AD2d 72, 76 [1981]; see *Matter of Moran v Cortez*, 85 AD3d 795, 796-797 [2011]; *Matter of Marrero v Centeno*, 71 AD3d 771, 773 [2010]; *Matter of Larkin v White*, 64 AD3d 707, 708-709 [2009]).

Here, the Family Court's award of sole legal and physical custody to the father lacked a sound and substantial basis in the record. In awarding the father custody, the court gave undue weight to particular instances of conflict between the parties, the majority of which occurred after the parties cross-petitioned for custody and while they were still living together during the pendency of these proceedings. The record contains no evidence to support a finding of parental alienation against the mother. The court also gave undue weight to a single letter from the mother to the oldest child's school indicating, incorrectly, that the child suffered from hypoglycemia so that the child could have special food privileges in class if she had a headache. Furthermore, the court failed to give sufficient weight to the fact that the mother had been the primary caregiver for the subject children for their entire lives, and the father had a limited involvement with the children until the pendency of these proceedings (*see Matter of Eddington v McCabe*, 98 AD3d 613 [2012]). Finally, it was the position of the attorney for the children that the mother have custody of the children (*see Matter of Chery v Richardson*, 88 AD3d 788, 789 [2011]). The position of the attorney for the children is not determinative, but is a factor to be considered and entitled to some weight (*see Baker v Baker*, 66 AD3d 722, 723 [2009]; *Matter of Kozlowski v Mangialino*, 36 AD3d 916, 917 [2007]). Under the totality of the circumstances, the best interests of the children would be better served by awarding the mother sole legal and physical custody (*see Eschbach v Eschbach*, 56 NY2d at 171).

However, the record contained a sound and substantial basis for the court's denial of that branch of the mother's petition which was for leave to relocate to Jefferson, New York, with the parties' children (*see Matter of Tropea v Tropea*, 87 NY2d 727 [1996]). The mother failed, on this record, to demonstrate by a preponderance of the evidence that such a relocation was in the best interests of the children (*see Matter of Hirtz v Hirtz*, 108 AD3d 712, 713-714 [2013]; *Matter of Jave v Danial*, 70 AD3d 696 [2010]). Rivera, J.P., Balkin, Dickerson and Cohen, JJ., concur.