Matter of Miller v Shaw (2018 NY Slip Op 02471)





Matter of Miller v Shaw


2018 NY Slip Op 02471


Decided on April 11, 2018


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on April 11, 2018
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

CHERYL E. CHAMBERS, J.P.
JEFFREY A. COHEN
JOSEPH J. MALTESE
BETSY BARROS, JJ.


2017-03607
 (Docket No. V-332-15)

[*1]In the Matter of Jaye Miller, appellant,
v Richard Shaw, respondent.


Carol Kahn, New York, NY, for appellant.
Deana Balahtsis, New York, NY, for respondent.
Karen P. Simmons, Brooklyn, NY (Janet Neustaetter and Barbara H. Dildine of counsel), attorney for the child.



DECISION & ORDER
In a child custody and visitation proceeding, the mother appeals from an order of the Family Court, Richmond County (Alexandra Byun, Ct. Atty. Ref.), dated April 4, 2017. The order, insofar as appealed from, after a hearing, granted the father's cross petition to modify the mother's visitation schedule set forth in two orders dated March 22, 2007, and January 19, 2011, respectively.
ORDERED that the order dated April 4, 2017, is affirmed insofar as appealed from, with costs.
In this child custody and visitation proceeding, the parties have one child together, born in 2000. By order dated March 22, 2007, the father was awarded sole custody of the child, with visitation to the mother. By order dated January 19, 2011, the father was granted leave to relocate with the child to Virginia. The visitation schedule was modified to grant the mother, inter alia, six weeks of visitation in the summer. In 2014, the father relocated to Florida with his wife and the child. The mother subsequently filed a petition to modify the order of custody and visitation so as to award her custody of the subject child. The father filed a cross petition to modify the mother's visitation schedule set forth in the two orders dated March 22, 2007, and January 19, 2011, respectively. A fact-finding hearing and an in camera hearing were held. By order dated April 4, 2017, the Family Court denied the mother's petition for custody and granted the father's cross petition to modify the mother's visitation schedule, reducing the mother's visitation with the child during his summer vacation from six weeks to two nonconsecutive weeks. The mother appeals from so much of the order dated April 4, 2017, as granted the father's cross petition to modify her visitation schedule.
The Family Court did not err in granting the father's cross petition to modify the mother's visitation schedule. In order to modify an existing court-ordered custody or visitation arrangement, there must be a showing that there has been a change in circumstances such that modification is required to protect the best interests of the child (see Matter of Condon v Verdile, 151 AD3d 849; Gentile v Gentile, 149 AD3d 916; Matter of Hargrove v Langenau, 138 AD3d 846). The best interests of the child must be determined by a review of the totality of the circumstances [*2](see Eschbach v Eschbach, 56 NY2d 167, 174; Matter of Hargrove v Langenau, 138 AD3d at 847; Maynard v Maynard, 138 AD3d 794). "[W]hile not dispositive, the express wishes of older and more mature children can support the finding of a change in circumstances" (Matter of Dorsa v Dorsa, 90 AD3d 1046, 1047 [internal quotation marks omitted]). Here, the child's changing needs as he grew older constituted a change in circumstances warranting modification of the visitation schedule so as to reduce the mother's summer visitation with the child (see Matter of Chase v Benjamin, 44 AD3d 1130).
Furthermore, a child's expressed preference, while not determinative, may also be indicative of the child's best interests (see Matter of Crowder v Austin, 90 AD3d 753, 754; Matter of Chery v Richardson, 88 AD3d 788, 789). In weighing this factor, the court must consider the age and maturity of the child and the potential for influence having been exerted on the child (see Eschbach v Eschbach, 56 NY2d at 173; Matter of Nevarez v Pina, 154 AD3d 854). Here, despite expressing his love for his mother and his desire not to hurt her, the child unequivocally expressed his desire not to have extended visitation with the mother, articulating legitimate reasons in support of this preference. The child noted his schooling and preparation for college, as well as the numerous activities in which he participates in Florida, as some of the reasons why he wanted to spend less time in New York. The child was 16 years old and had a notable level of maturity, which clearly enabled him to form and express his own desires, and there is nothing in the record to indicate that influence was exerted on him by anyone. Accordingly, the Family Court's determination is supported by a sound and substantial basis in the record (see Matter of Nicholas v Nicholas, 107 AD3d 899, 900).
The mother's contention that the Family Court erred in failing to impose all visitation-related travel expenses on the father is without merit.
CHAMBERS, J.P., COHEN, MALTESE and BARROS, JJ., concur.
ENTER:
Aprilanne Agostino
Clerk of the Court