Matter of Doreen F. v Fabricio M. (2019 NY Slip Op 07547)





Matter of Doreen F. v Fabricio M.


2019 NY Slip Op 07547


Decided on October 22, 2019


Appellate Division, First Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on October 22, 2019

Renwick, J.P., Gische, Tom, Gesmer, Moulton, JJ.


10165

[*1] In re Doreen F., Petitioner-Appellant,
v
Fabricio M., Respondent-Respondent.


The Law Offices of Salihah R. Denman, Harrison (Salihah R. Denman of counsel), for appellant.
Larry S. Bachner, New York, for respondent.
Kenneth M. Tuccillo, Hastings on Hudson, attorney for the children.



Order, Family Court, New York County (Carol Goldstein, J.), entered on or about May 9, 2017, which, denied petitioner mother's request to relocate to Florida with the subject children, and dismissed her petition with prejudice, unanimously affirmed, without costs.
The Family Court's determination that relocation to Florida would not be in the children's best interests has a sound and substantial basis in the record (see Matter of Tropea v Tropea, 87 NY2d 727, 736 [1996]). The parties stipulated to the mother having primary physical custody of the children, and the father having visits every other weekend, and week-long visits during the winter and summer breaks. The record shows that the father exercised every single weekend visit for over three years. It also shows that he exercised the week-long visits when the children were available. He testified that he and the children have a strong, loving relationship.
Petitioner mother seeks to relocate to Florida because her mother lives there and could provide some child care assistance. She testified that she has a part-time job in New York as a substitute daycare teacher. While the mother testified that she wanted to get a better paying job in Florida, enroll in college classes, and place the children in a charter school, she was unable to provide details regarding the steps she has taken or planned to take to accomplish those goals (see Matter of Salena S. v Ahmad G., 152 AD3d 162, 163-164 [1st Dept 2017]).
Respondent father provided sound reasons for opposing the relocation, as it would limit the amount and quality of his contact with his children, even with liberal vacation visitation. The record shows that the mother had prevented the children from communicating with the father via phone calls, texts, or video calls in between visits. As such, any quality-of-life advantage realized by the relocation would not necessarily outweigh the disruption in the children's relationship with their father (see Matter of Yamilly M.S. v Ricardo A.S., 137 AD3d 459, 459 [1st Dept 2016]). While the attorney for the children asserts that the children wish to relocate, the preference of the children is not determinative, but rather a factor to be considered (id.; Matter of Chery v Richardson, 88 AD3d 788, 789 [2d Dept 2011]).
THIS CONSTITUTES THE DECISION AND ORDER
OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: OCTOBER 22, 2019
CLERK