Matter of Pritchard v Coelho (2019 NY Slip Op 08412)





Matter of Pritchard v Coelho


2019 NY Slip Op 08412


Decided on November 20, 2019


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on November 20, 2019
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

WILLIAM F. MASTRO, J.P.
COLLEEN D. DUFFY
BETSY BARROS
VALERIE BRATHWAITE NELSON, JJ.


2018-10422
 (Docket Nos. V-0447-13, V-3441-13)

[*1]In the Matter of Vanessa Pritchard, appellant,
v
Fernando Coelho, respondent. (Proceeding No. 1.)
In the Matter of Fernando Coelho, respondent,Vanessa Pritchard, appellant. (Proceeding No. 2)


Vanessa Pritchard, Staten Island, NY, appellant pro se.
DeGuerre Law Firm, P.C., Staten Island, NY (Anthony DeGuerre of counsel), for respondent.
Elliot Green, Brooklyn, NY, attorney for the child.



DECISION & ORDER
In a proceeding pursuant to Family Court Act article 6, the mother appeals from an order of the Family Court, Richmond County (Peter F. DeLizzo, J.), dated August 1, 2018. The order, after a hearing, dismissed the mother's petition for sole legal and physical custody of the parties' child, and granted the father's cross petition for sole legal and physical custody of the child, with supervised parental access to the mother.
ORDERED that the order is affirmed, without costs or disbursements.
The father was awarded custody of the parties' child after a fact-finding hearing at which evidence was adduced regarding multiple injuries sustained by the child while in the mother's care, and the mother's substance abuse issues which remained untreated. The mother appeals.
To the extent the mother raises issues regarding an order of temporary custody issued by the Family Court, those issues are academic. The order awarding the father temporary custody of the child was superseded by the order awarding the father permanent custody, and the temporary order is no longer in effect. Any alleged defect in the temporary order does not render defective the permanent order, which was based upon a full and fair hearing (see Matter of Saylor v Bukowski, 170 AD3d 862, 863; Matter of Miedema v Miedema, 144 AD3d 803, 804; Haggerty v Haggerty, 78 AD3d 998, 999).
The mother's contention that the Family Court erred in granting sole legal and physical custody to the father is without merit. The court's paramount concern in any custody dispute is to determine, under the totality of the circumstances, what is in the best interests of the child (see Eschbach v Eschbach, 56 NY2d 167, 171; Matter of Fernandez v Saunders, 174 AD3d 531, 532; Matter of Turcios v Cordero, 173 AD3d 1048, 1049). Since custody determinations [*2]depend to a great extent upon an assessment of the character and credibility of the parties and witnesses, deference is accorded to the trial court's credibility findings, and such findings will not be disturbed unless they lack a sound and substantial basis in the record (see Matter of Dolan v Masterton, 121 AD3d 979, 980; Matter of Chamas v Carino, 119 AD3d 564; Matter of McKoy v Vatter, 106 AD3d 1090). Here, there is no basis on the record to disturb the court's determination that the father's testimony was credible, and that it was in the best interests of the child to award him sole legal and physical custody. The court's determination has a sound and substantial basis in the record.
The Family Court was not required to accept the recommendation of the forensic evaluator that the mother be awarded custody (see Matter of Vaysman v Conroy, 165 AD3d 954, 955; Matter of Flores v Mark, 107 AD3d 796, 798). The recommendations of court-appointed experts are but one factor to be considered and are entitled to some weight. However, such opinions are not determinative and must not be permitted to usurp the judgment of the trial judge (see Matter of Pitt v Reid, 111 AD3d 946; Matter of Nikolic v Ingrassia, 47 AD3d 819, 821; Neuman v Neuman, 19 AD3d 383, 384). We agree with the court's determination to decline to follow the forensic evaluator's recommendation, which was based upon incomplete information (see Matter of Nikolic v Ingrassia, 47 AD3d at 821).
The mother's contention that the Family Court erred in directing that her parental access be supervised also is without merit. Supervised parental access is appropriately required where it is established that unsupervised parental access would be detrimental to the child. There is no basis on the present record to disturb the court's determination that the mother's parental access should be supervised, as the determination has a sound and substantial basis in the record (see Matter of Henry v Tucker, 157 AD3d 892, 893; Matter of Murphy v Lewis, 149 AD3d 748, 750; Matter of Spencer v Killoran, 147 AD3d 862, 863).
MASTRO, J.P., DUFFY, BARROS and BRATHWAITE NELSON, JJ., concur.
ENTER:
Aprilanne Agostino
Clerk of the Court