■ In the Matter of STEVEN R. ACKLEY, Appellant, v DELORES MELDRUM, Respondent. (And Another Related Proceeding.) [733 NYS2d 545] —Lahtinen, J. Appeal from an order of the Family Court of Tompkins County (Barrett, J.), entered January 22, 1998, which, *inter alia*, dismissed petitioner's application, in a proceeding pursuant to Family Court Act article 6, for modification of a prior custody order.

Petitioner and respondent, who are not married and have never lived together, are the parents of a son born in November 1994. In January 1997 an order, based upon the stipulation of the parties, was entered in Family Court granting custody of the parties' son to respondent and visitation to petitioner from 9:00 A.M. on Thursday until 1:00 P.M. on Saturday. In August 1997, petitioner filed petitions for modification and violation of

---

the January 1997 order. In September 1997, respondent and the child could not be found, prompting petitioner to serve amended petitions for modification and violation of the January 1997 order. Respondent and the child were found in Tennessee in December 1997, and petitioner returned to New York with the child.

Family Court held a three hour hearing on the allegations contained in the amended petitions in January 1998. Each party testified and presented the supporting testimony of family or friends. No disinterested witnesses testified, no Law Guardian was appointed to represent the child and no home study of any kind was ordered by Family Court. At the conclusion of the hearing, Family Court ordered joint custody, with the primary residence of the child to be with respondent and granted petitioner visitation pursuant to a detailed schedule. Petitioner appeals.

An existing custody arrangement will be modified only upon a showing that a change of circumstances has occurred and, most importantly, the child's best interest will be served (*see,* *Eschbach v Eschbach,* 56 NY2d 167, 171; *Matter of Hrusovsky v Benjamin,* 274 AD2d 674, 675; *Matter of Thompson v Thompson,* 267 AD2d 516, 517). Respondent's interference with petitioner's right to visitation by leaving the State with their son raises a serious question as to her fitness as the custodial parent (*see, Grathwol v Grathwol,* 285 AD2d 957, 960; *Skolnick v Skolnick,* 142 AD2d 570, 571), which required Family court to consider whether the child's best interest would be served by granting petitioner custody. Specifically, the court must consider a number of factors including "the quality and stability of the respective home environments and each parent's past performance, relative fitness and ability to provide for and guide the child's intellectual and emotional development" (*Matter of Perry v Perry,* 194 AD2d 837; *see, Matter of Thompson v Thompson,* 267 AD2d 516, 518).

Here, the record reflects that Family Court did not make any separate findings concerning the quality and stability of the respective home environments or which parent could best provide for and guide the child's intellectual and emotional development. Family Court found, on scant facts, both parents fit and concluded that the child is strongly attached to his mother and depriving her of custody would not be in his best interest. From our review of this record, we find that Family Court engaged in an incomplete review of the modification factors and are constrained to remit this matter to Family Court (*see, Matter of Perry v Perry, supra*). We note, unfortunately,

that nearly four years has elapsed since the entry of the order appealed from, but nevertheless suggest that, on remittal, the court may deem it appropriate to appoint a Law Guardian to represent the interests of the child and order a home study of the respective home environments.

Cardona, P. J., Crew III, Mugglin and Rose, JJ., concur. Ordered that the order is modified, on the law, without costs, by reversing so much thereof as directed that the child shall reside primarily with respondent; matter remitted to the Family Court of Tompkins County for further proceedings not inconsistent with this Court's decision and respondent shall have temporary physical custody of the child subject to visitation rights of petitioner as per the order appealed from; and, as so modified, affirmed.