■ In the Matter of GEORGE PALM, Respondent, v JOSEPHINE PALM, Appellant. [789 NYS2d 524]—

In a child custody proceeding pursuant to Family Court Act article 6, the mother appeals (1), as limited by her brief, from so much of an order of the Family Court, Orange County (Bovina, J.), dated January 8, 2004, as, after a hearing, awarded custody of the parties' children to the father, and (2) from an order of the same court dated January 16, 2004, which dismissed her petition for custody.

Ordered that the order dated January 8, 2004, is affirmed insofar as appealed from; and it is further,

Ordered that the order dated January 16, 2004, is affirmed; and it is further,

Ordered that one bill of costs is awarded to the father.

There is no basis for disturbing the Family Court's award of custody of the parties' children to the father. In adjudicating custody and visitation rights, the most important consideration for the court is the best interests of the children (see Eschbach v Eschbach, 56 NY2d 167, 172 [1982]). In determining the best interests of the children, the court must review the "totality of circumstances" (Friederwitzer v Friederwitzer, 55 NY2d 89, 95-96 [1982]). The court's determination depends to a great extent upon its assessment of the credibility of the witnesses and upon the character, temperament, and sincerity of the parents. In matters of this nature, the findings of the court

must be accorded the greatest respect (*see Eschbach v Eschbach, supra* at 173). These findings should not be disturbed unless they lack a sound and substantial basis in the record (*see Kuncman v Kuncman,* 188 AD2d 517, 518 [1992]). The Family Court in this case considered the appropriate factors in determining what was in the best interests of the children, and its decision to award custody to the father had a sound and substantial basis in the record. Florio, J.P., Adams, S. Miller and Santucci, JJ., concur.