██ In the Matter of CHRISTOPHER RAMIREZ, Respondent, v CRYSTAL L. VELEZ, Appellant. [911 NYS2d 466]—

In a child custody proceeding pursuant to Family Court Act article 6, the mother appeals from an order of the Family Court, Kings County (Feldman, J.H.O.), dated June 30, 2009, which, after a hearing, granted the father's petition for sole custody of the child.

Ordered that the order is affirmed, without costs or disbursements.

The court's paramount concern in any custody dispute is to determine, under the totality of the circumstances, what is in the best interests of the child (*see Eschbach v Eschbach*, 56 NY2d 167, 171 [1982]; *Matter of Nikolic v Ingrassia*, 47 AD3d 819 [2008]). "Factors to be considered in determining the child's best interests include the quality of the home environment and the parental guidance the custodial parent provides for the child, the ability of each parent to provide for the child's emotional and intellectual development, the financial status and ability of each parent to provide for the child, the relative fitness of the respective parents, and the effect an award of custody to one parent might have on the child's relationship with the other parent" (*Matter of Elliott v Felder*, 69 AD3d 623, 623 [2010]; *see Eschbach v Eschbach*, 56 NY2d at 171-172). "Because custody determinations depend to a great extent upon an assessment of the character and credibility of the parties and witnesses, deference is accorded to the trial court's findings, and such findings will not be disturbed unless they lack a sound and substantial basis in the record" (*Matter of Otero v Nieves*, 77 AD3d 756 [2010]; *see Salvatore v Salvatore*, 68 AD3d 966 [2009]; *Matter of Berkham v Vessia*, 63 AD3d 1155 [2009]).

Here, contrary to the mother's contention, the Family Court's finding that the subject child's best interests would be served by an award of sole custody to the father, with visitation to her, has a sound and substantial basis in the record.

To the extent that the mother raises issues regarding a temporary custody order, those issues have been rendered academic. The order awarding the father temporary custody of the

child was superseded by the order awarding him permanent custody, and the temporary order is no longer in effect. Any alleged defect in the temporary order would not render the permanent order defective, since the permanent order was based upon a full and fair hearing (*see Matter of Brenda J. v Nicole M.*, 59 AD3d 299, 300 [2009]; *Matter of Miller v Shaw*, 51 AD3d 927, 927-928 [2008]). Mastro, J.P., Covello, Angiolillo and Lott, JJ., concur.