In the Matter of JAMES NELL, Appellant, v ELIZABETH NELL, Respondent. [928 NYS2d 312]—

"Modification of an existing custody arrangement is permis-

sible only upon a showing that there has been a change in circumstances such that a modification is necessary to ensure the continued best interests and welfare of the child" (*Matter of Buxenbaum v Fulmer*, 82 AD3d 1223, 1223 [2011] [internal quotation marks omitted]). The best interests of the children herein must be determined by a review of the totality of the circumstances (*see Matter of Skeete v Hamilton*, 78 AD3d 1187 [2010]). "Since any custody determination depends to a great extent upon the hearing court's assessment of the credibility of the witnesses and of the character, temperament, and sincerity of the parties, its findings are generally accorded great deference and will not be disturbed unless they lack a sound and substantial basis in the record" (*id.* at 1188).

A modification of the existing joint custody arrangement is necessary because the acrimony between the parties makes joint decision making impossible (*see Matter of Gorniok v Zeledon-Mussio*, 82 AD3d 767, 768 [2011]). Here, the Family Court's determination that a change from joint legal custody to sole legal custody of the subject children to the mother is supported by a sound and substantial basis in the record.

However, the Family Court improvidently exercised its discretion to the extent that it granted that branch of the mother's cross petition which was, in effect, for an award of sole residential custody of the children and, accordingly, discontinued the father's weekday overnight visitation. The children clearly expressed a desire to maintain the status quo with respect to the parents' schedule. The children's preference is entitled to some weight, as they were 14 and 12 years of age, respectively, at the time of the hearing on the petition and cross petition and were, thus, sufficiently mature to express that desire (*see generally Matter of Said v Said*, 61 AD3d 879, 880 [2009]; *Matter of West v Turner*, 38 AD3d 673 [2007]).

Furthermore, as noted by the father, the Family Court's restriction of his overnight weekday visitation with the children, upon its award of sole residential custody to the mother, will actually cause more disruption in the children's lives. There will be more travel back and forth between the parties' homes under the visitation schedule imposed by the Family Court. In addition, there is no support in the record for the implied conclusion reached by the Family Court that the children would benefit from spending less time with the father, to wit, there are no reports that the children were in any danger when they spent time with the father, or a showing that the children have ever been deprived of their basic needs of daily living while with the father. On this record, the best interests of the children would

be served by continuing the joint residential custody arrangement and the weekday overnight visitation schedule to which the parties originally agreed, so as to preserve an equal division of parenting time. Skelos, J.P., Balkin, Leventhal and Lott, JJ., concur.