█ In the Matter of BRUCE PARLIMAN, Respondent, v CHRIS-TINE LABRIOLA, Appellant. [930 NYS2d 29]—

To modify an existing custody arrangement, there must be a showing of a change in circumstances such that modification is required to protect the best interests of the child (*see Matter of Zeis v Slater*, 57 AD3d 793, 794 [2008]; *Matter of Wirth v Wirth*, 56 AD3d 787, 788 [2008]). The best interests of the child are determined by a review of the totality of the circumstances (*see Eschbach v Eschbach*, 56 NY2d 167, 172 [1982]). "Factors to be considered include the quality of the home environment and the parental guidance the custodial parent provides for the child, the ability of each parent to provide for the child's emotional and intellectual development, the financial status and ability of each parent to provide for the child, the relative fitness of the respective parents, and the effect an award of custody to one parent might have on the child's relationship with the other parent" (*Matter of Marrero v Centeno*, 71 AD3d 771, 773 [2010] [internal quotation marks omitted]; *see Cuccurullo v Cuccurullo*, 21 AD3d 983, 984 [2005]).

Here, the father's petition for a change in custody was based primarily on the fact that the subject child had come to live with him after the mother lost her job and home. However, the

mother testified that by the time of the hearing, she had found employment and housing. The Family Court stated in its determination that it was "unfortunate" that the mother "had to move," leading the father to petition for custody, but it otherwise failed to mention any of the relevant factors in deciding to modify the existing custody arrangement so as to award the father sole legal and physical custody of the subject child. Instead, the Family Court's determination was based exclusively on the fact that there was acrimony between the parties. While joint custody may be inappropriate where there is antagonism between the parents and they have demonstrated an inability to cooperate on matters concerning the child (*see Matter of Gorniok v Zeledon-Mussio*, 82 AD3d 767, 768 [2011]), any antagonism and inability to cooperate did not provide a basis for modifying the existing custody arrangement so as to award the father sole legal and physical custody (*see Marcantonio v Marcantonio*, 307 AD2d 740, 741 [2003]).

Further, although our authority in custody matters is as broad as that of the Family Court so that we can make our own determination on custody, the record is not sufficiently complete for us to do so (*see Matter of Valenti v Valenti*, 57 AD3d 1131, 1132 [2008]; *Matter of Ackley v Meldrum*, 289 AD2d 615, 616 [2001]). The matter was heard in a single day, with the only testimony coming from the parents, each leveling allegations against the other and, yet, the Family Court made no findings of credibility. Any custody determination necessarily depends to a great extent upon an assessment of the character and credibility of the parties and witnesses, which the Family Court, having the opportunity to observe the witnesses, is in the best position to make (*see Eschbach v Eschbach*, 56 NY2d at 173; *Cuccurullo v Cuccurullo*, 21 AD3d at 984). Consequently, given this scant record, the lack of credibility findings, and the fact that the child has been living with the father for nearly two years, the matter must be remitted to the Family Court, Orange County, for a new hearing and determination (*see Matter of Joseph F. v Patricia F.*, 32 AD3d 938, 939-940 [2006]; *Matter of Ackley v Meldrum*, 289 AD2d at 616).

On remittal, the Family Court must appoint an independent forensic expert to examine and perform a full evaluation of the parents and the child (*see Eschbach v Eschbach*, 56 NY2d at 173; *Matter of Ackley v Meldrum*, 289 AD2d at 617), and hold an in camera hearing with the child in order to ascertain his wishes (*see Matter of Lincoln v Lincoln*, 24 NY2d 270 [1969]). Mastro, J.P., Balkin, Chambers and Lott, JJ., concur.