In the Matter of RICHARD A. PAVONE, Appellant, v BARBARA BRONSON, Respondent. [930 NYS2d 280]—

The mother and the father obtained joint custody of their son (born on September 10, 2004), pursuant to an order of the Family Court, Dutchess County, dated October 27, 2005. In late 2008, the father petitioned, and the mother cross-petitioned, to modify the order of custody to as to give each of them sole custody of the child. At the ensuing hearing, the child's paternal grandfather testified that the mother abused the child. The mother denied the allegations, and introduced evidence that the father had told the child to lie to his dentist, by telling him that his mouth was injured because the mother had pushed him. Child Protective Services conducted an investigation and concluded that the allegations of abuse were unfounded. The father and paternal grandfather were also involved in having the mother arrested for making false statements to the police—charges that were eventually dismissed. The mother told a social worker that she feared what she called "intimidation techniques" used by the father.

In an order dated July 15, 2009, the Family Court, Dutchess County (Gilbert, Ct. Atty. Ref.), in effect, granted the mother's cross petition to modify the order of custody by giving her primary legal and physical custody of the child, and denied the father's petition. The court noted its concern that the father and paternal grandfather might try to undermine the relationship between the mother and the child if the father were to be given custody. The father appeals, and we affirm.

Modification of an existing custody or visitation arrangement is permissible only upon a showing that there has been a change in circumstances such that a modification is necessary to ensure the continued best interests of the child (*see* Family Ct Act § 652 [a]; *Matter of Molinari v Tuthill*, 59 AD3d 722, 723 [2009]). In determining the best interests of the children, the courts must view the "totality of [the] circumstances" (*Friederwitzer v Friederwitzer*, 55 NY2d 89, 96 [1982]). " 'Since any custody determination depends to a great extent upon the hearing court's assessment of the credibility of the witnesses and of the character, temperament, and sincerity of the parties, its findings are generally accorded great deference and will not be disturbed unless they lack a sound and substantial basis in the record' " (*Matter of Nell v Nell*, 87 AD3d 541, 542 [2011], quoting *Matter of Skeete v Hamilton*, 78 AD3d 1187, 1188 [2010]). Here, the evidence in the record demonstrates that the parties have a contentious relationship and are unable to communicate with each other. As such, there is a sound and substantial basis for the Family Court's determination that joint custody was no longer appropriate (*see Matter of Gorniok v Zeledon-Mussio*, 82 AD3d 767, 768 [2011]). Further, the record supports the Family Court's determination that primary and physical custody should be with the mother (*see Matter of Nell v Nell*, 87 AD3d 541 [2011]). The evidence presented at the hearing demonstrated that the mother was more willing than the father "to assure meaningful contact between the child[ ] and the other parent" (*Matter of Martinez v Hyatt*, 86 AD3d 571, 572 [2011] [internal quotation marks omitted]). Accordingly, the Family Court properly, in effect, granted the mother's cross petition and denied the father's petition. Dillon, J.P., Eng, Sgroi and Miller, JJ., concur.