In the Matter of JOSE PICADO, JR., Respondent, v TAMMY DOAN, Appellant. (Proceeding No. 1.) In the Matter of TAMMY DOAN, Appellant, v JOSE PICADO, JR., Respondent. (Proceeding No. 2.) [934 NYS2d 495]—

"[W]here parents enter into an agreement concerning custody it will not be set aside unless there is a sufficient change in circumstances since the time of the stipulation and unless the modification of the custody agreement is in the best interests of the [child]" (*McNally v McNally*, 28 AD3d 526, 527 [2006] [internal quotation marks omitted]). In determining whether a stipulation entered into by the parents with respect to custody should be modified, a court must consider "the quality of the home environment and the parental guidance the custodial parent provides for the child, the ability of each parent to provide for the child's emotional and intellectual development, the financial status and ability of each parent to provide for the child, the relative fitness of the respective parents, and the length of time the present custody arrangement has been in effect" (*Matter of Krebsbach v Gallagher*, 181 AD2d 363, 364

[1992] [citations omitted]; *see Matter of Salvati v Salvati*, 221 AD2d 541 [1995]). A change of custody should be made only if the totality of the circumstances warrants a modification (*see Friederwitzer v Friederwitzer*, 55 NY2d 89, 95-96 [1982]). "Since custody determinations turn in large part on assessments of the credibility, character, temperament and sincerity of the parties, the Family Court's determination should not be disturbed unless it lacks a sound and substantial basis in the record" (*Matter of Chery v Richardson*, 88 AD3d 788, 788 [2011]).

Here, the Family Court did not improvidently exercise its discretion in granting the father's petition to modify the order dated October 26, 2009, so as to, inter alia, award him sole legal custody of the parties' children. The record demonstrates that the parties' relationship is so acrimonious that it effectively precludes joint decision-making (*see Matter of Chery v Richardson*, 88 AD3d at 789; *Matter of O'Connell v McDermott*, 80 AD3d 701, 701-702 [2011]; *cf. Matter of Parliman v Labriola*, 87 AD3d 1144, 1145 [2011]). Moreover, the award of sole legal custody to the father was in the children's best interests. Consequently, the Family Court also properly denied the mother's cross petition for sole legal custody of the children. Angiolillo, J.P., Dickerson, Lott and Miller, JJ., concur.