■ In the Matter of FLORENCE SCHWEIZER, Appellant, v DAVID CHRISTIAN JABLESNIK, Respondent. [944 NYS2d 891]—

In a custody proceeding pursuant to Family Court Act article 6, the mother appeals from an order of the Family Court, Orange County (Bivona, J.), dated June 13, 2011, which denied her amended petition to modify an order of the same court dated February 6, 2007, awarding joint custody of the subject child with sole physical custody to the father, so as to award her sole custody of the child, and awarded sole custody of the child to the father, with visitation to her.

Ordered that the order dated June 13, 2011, is affirmed, without costs or disbursements.

The essential consideration in making an award of custody is the best interests of the child (*see Eschbach v Eschbach*, 56 NY2d 167, 171 [1982]). "Since custody determinations turn in

large part on assessments of the credibility, character, temperament and sincerity of the parties, the Family Court's determination should not be disturbed unless it lacks a sound and substantial basis in the record" (*Matter of Chery v Richardson*, 88 AD3d 788, 788 [2011]). A change of custody should be made only if the totality of the circumstances warrants a modification (*see Friederwitzer v Friederwitzer*, 55 NY2d 89, 95-96 [1982]).

Joint custody is encouraged "as a voluntary alternative for relatively stable, amicable parents behaving in mature civilized fashion" (*Braiman v Braiman*, 44 NY2d 584, 589-590 [1978]). A change from joint legal custody to sole custody by one parent is warranted where "the parties' relationship is so acrimonious that it effectively precludes joint decision-making" (*Matter of Picado v Doan*, 90 AD3d 932, 933 [2011]). Here, the Family Court properly concluded that the parents' relationship was too acrimonious to allow for joint decision-making (*see Matter of Edwards v Rothschild*, 60 AD3d 675, 677 [2009]), and properly determined that it was in the child's best interests to award sole legal and physical custody to the father, with the mother retaining significant visitation (*see Matter of Pavone v Bronson*, 88 AD3d 724, 725 [2011]; *Freihofner v Freihofner*, 33 AD3d 585, 586 [2006]). Accordingly, the court properly awarded sole custody to the father and denied the mother's amended petition to modify the prior order awarding joint custody of the subject child with sole physical custody to the father, so as to award her sole custody of the child.

The mother's remaining contentions are without merit. Angiolillo, J.P., Eng, Lott and Cohen, JJ., concur.