■ In the Matter of AARON W., Respondent, v SHANNON W., Appellant. [946 NYS2d 648]—

In a child custody proceeding pursuant to Family Court Act article 6, the mother appeals, as limited by her reply brief, from so much of an order of the Family Court, Orange County (Currier-Woods, J.), dated August 11, 2010, as, after a hearing, granted the father's cross petition to modify a prior order of the same court dated February 24, 2009, which, upon a stipulation of the parties, awarded the parties joint legal and physical custody of the parties' child, so as to award him sole legal and physical custody of the parties' child, with visitation to her.

Ordered that the order dated August 11, 2010, is affirmed insofar as appealed from, with costs to the respondent.

"An agreement between parents concerning custody will not be set aside unless there is a sufficient change in circumstances since the time of the agreement and unless the modification of the custody agreement is in the best interests of the child"

based on the totality of the circumstances (*Matter of Tercjak v Tercjak*, 49 AD3d 772, 772 [2008]; *see Matter of Picado v Doan*, 90 AD3d 932, 932-933 [2011]). "Since custody determinations turn in large part on assessments of the credibility, character, temperament and sincerity of the parties, the Family Court's determination should not be disturbed unless it lacks a sound and substantial basis in the record" (*Matter of Picado v Doan*, 90 AD3d at 933 [internal quotation marks omitted]).

The Family Court's determination that joint custody of the parties' child was no longer a viable option due to the increased animosity between the parties has a sound and substantial basis in the record (*id.*; *see Matter of Pavone v Bronson*, 88 AD3d 724, 725 [2011]; *Matter of Gorniok v Zeledon-Mussio*, 82 AD3d 767, 768 [2011]; *Matter of Manfredo v Manfredo*, 53 AD3d 498, 500 [2008]). Notably, the mother's contention that no change in circumstances occurred warranting the termination of joint custody is belied by her own testimony at the hearing.

In addition, the Family Court's determination that an award of sole custody to the father was in the child's best interests has a sound and substantial basis in the record, as the evidence demonstrated that the father is more likely to put the child's best interests ahead of his own and to foster a relationship between her and the mother (*see Matter of Picado v Doan*, 90 AD3d at 933; *Matter of Manfredo v Manfredo*, 53 AD3d at 499-500; *Matter of Rodriguez v Irizarry*, 29 AD3d 704 [2006]; *cf. Matter of Parliman v Labriola*, 87 AD3d 1144, 1145 [2011]).

The mother contends that the Family Court improvidently exercised its discretion in admitting into evidence the reports of the neutral forensic psychologist because, inter alia, the reports contained inadmissible hearsay and were not submitted under oath as required by 22 NYCRR 202.16 (g) (2). The mother failed to preserve these contentions for appellate review, as she did not make these specific objections before the Family Court (*see Matter of Matthews v Matthews*, 72 AD3d 1631, 1632 [2010]; *Matter of Rush v Rush*, 201 AD2d 836, 837 [1994]). In any event, there is a sound and substantial basis in the record for the Family Court's determination without consideration of the forensic reports (*see Matter of Tercjak v Tercjak*, 49 AD3d at 773; *Matter of D'Esposito v Kepler*, 14 AD3d 509, 510 [2005]; *Murtari v Murtari*, 249 AD2d 960, 961 [1998], *cert denied* 525 US 1072 [1999]).

Lastly, this appeal brings up for review the Family Court's order dated June 28, 2010, which denied the separate motions of the mother and the former attorney for the child to disqualify the father's counsel from representing him in this proceeding

(*see* CPLR 5501 [a] [1]; *Matter of Zirkind v Zirkind*, 218 AD2d 745, 745-746 [1995]). The mother contends that the father's counsel should have been disqualified from representing the father because he also represented the children of the mother's live-in boyfriend in a separate proceeding to which neither the mother nor the father are parties.

"[T]he disqualification of an attorney is a matter which rests within the sound discretion of the court. A party's entitlement to be represented in ongoing litigation by counsel of his or her own choosing is a valued right which should not be abridged absent a clear showing that disqualification is warranted, and the movant bears the burden on the motion" (*Campolongo v Campolongo*, 2 AD3d 476, 476 [2003] [citations omitted]; *see Horn v Municipal Info. Servs.*, 282 AD2d 712 [2001]). Here, the Family Court properly denied the separate motions to disqualify the father's counsel. The mother brought this issue to the Family Court's attention after the hearing was already underway, even though various documents reflect that she was aware of the dual representation at least eight months before the hearing. Accordingly, the mother waived any objection to the father's dual representation (*see Matter of Lovitch v Lovitch*, 64 AD3d 710, 711 [2009]; *cf. M.A.C. Duff, Inc. v ASMAC, LLC*, 61 AD3d 828, 830 [2009]). Moreover, we agree with the father and the child's current attorney that neither the mother nor the child suffered any prejudice under the specific circumstances of this case. Balkin, J.P., Eng, Leventhal and Chambers, JJ., concur.