■ In the Matter of STACY FALCO, Respondent, v MARK DIFORIO, Appellant. [964 NYS2d 610]—

In a child custody proceeding pursuant to Family Court Act article 6, the father appeals from (1) a decision of the Family Court, Westchester County (Klein, J.), entered October 7, 2011, made after a hearing, and (2) an order of the same court entered November 28, 2011, which, upon the decision, granted the mother's petition to modify a prior order of the same court dated October 22, 2009, so as to award her sole legal and physical custody of the parties' child.

Ordered that the appeal from the decision is dismissed, without costs or disbursements, as no appeal lies from a decision (*see Schicchi v J.A. Green Constr. Corp.*, 100 AD2d 509 [1984]); and it is further,

Ordered that the order is affirmed, without costs or disbursements.

In order to modify an existing child custody arrangement, there must be a showing that there has been a change in circumstances such that modification is required to protect the best interests of the child (*see* Family Ct Act § 652; *Matter of Abranko v Vargas*, 26 AD3d 490, 491 [2006]). "In determining the best interest of the child, the court must consider the totality of the circumstances" (*Matter of Zindle v Hernandez*, 26 AD3d 338, 338 [2006]; *see Eschbach v Eschbach*, 56 NY2d 167, 171 [1982]). "The court's determination depends to a great extent upon its assessment of the credibility of the witnesses and upon the character, temperament, and sincerity of the parents" (*Matter of Palm v Palm*, 15 AD3d 405, 405 [2005]).

Here, the evidence in the record demonstrates that the parties have a contentious relationship and are unable to communicate with each other. As such, there is a sound and substantial basis for the Family Court's determination that joint custody was no longer appropriate (*see Matter of O'Loughlin v Sweetland*, 98 AD3d 983 [2012]; *Matter of Pavone v Bronson*, 88 AD3d 724, 725 [2011]; *Matter of Gorniok v Zeledon-Mussio*, 82 AD3d 767, 768 [2011]). The record also supports the court's determination that sole legal and physical custody should be with the mother (*see Matter of O'Loughlin v Sweetland*, 98 AD3d 983 [2012]; *Matter of Adams v Perryman*, 35 AD3d 852, 853 [2006]). Accordingly, the court properly granted the mother's petition. Mastro, J.P., Chambers, Lott and Sgroi, JJ., concur.