■ ROBERT FILIPPI, Respondent, v CAREY ANN FILIPPI, Appellant. [988 NYS2d 264]—

In a matrimonial action in which the parties were divorced by judgment entered January 6, 2006, the defendant appeals, as limited by her brief, from so much of a corrected order of the Supreme Court, Suffolk County (Buetow, Ct. Atty. Ref.), dated January 31, 2012, as, after a hearing, granted those branches of the plaintiff's motion which were to modify the custody provisions of a so-ordered stipulation dated October 18, 2007, so as to award him sole legal and residential custody of the parties' children and child support.

Ordered that the corrected order is affirmed insofar as appealed from, without costs or disbursements.

" 'An agreement between parents concerning custody will not be set aside unless there is a sufficient change in circumstances since the time of the agreement and unless the modification of the custody agreement is in the best interests of the child' " (*Matter of Aaron W. v Shannon W.*, 96 AD3d 960, 960-961 [2012], quoting *Matter of Tercjak v Tercjak*, 49 AD3d 772, 772 [2008]). In determining the best interests of the child, the court must consider the " 'totality of [the] circumstances' " (*Matter of Gallo v Gallo*, 81 AD3d 826, 827 [2011], quoting *Friederwitzer v Friederwitzer*,. 55 NY2d 89, 96 [1982]). Since a custody determination necessarily depends to a great extent upon assessments of the credibility, character, temperament and sincerity of the parties, the trial court's determination should not be disturbed unless it lacks a sound and substantial basis in the record (*see Cervera v Bressler*, 90 AD3d 803, 805 [2011]; *Matter of Elliott v Felder*, 69 AD3d 623, 623 [2010]; *Cuccurullo v Cuccurullo*, 21 AD3d 983, 984 [2005]).

Here, contrary to the defendant's contentions, the Supreme Court did not improvidently exercise its discretion in granting those branches of the plaintiff's motion which were to modify the so-ordered stipulation dated October 18, 2007, so as to award him sole legal and residential custody of the parties' children and child support. The record demonstrates that the parties' relationship had deteriorated to the point that they could not communicate and rendered them unable to engage in joint decision-making with regard to their children (*see Matter of Falco v DiForio*, 106 AD3d 819, 820 [2013]; *Matter of O'Loughlin v Sweetland*, 98 AD3d 983, 984 [2012]; *Matter of Picado v Doan*, 90 AD3d 932, 933 [2011]). Moreover, the Supreme Court properly considered the totality of the circumstances, and its determination to award sole legal and residential custody to the plaintiff was in the children's best interests (*see Eschbach v Eschbach*, 56 NY2d 167, 171-172 [1982]). Accordingly, the court properly granted those branches of the plaintiff's motion.

The defendant's contention that the Court Attorney Referee was biased against her is without merit (*see Matter of Feng Lucy Luo v Yang*, 89 AD3d 946, 947 [2011]; *Matter of Richardson v Richardson*, 80 AD3d 32, 44 [2010]). Skelos, J.P., Dillon, Roman and Maltese, JJ., concur.