■ In the Matter of CELINDA RODRIGUEZ-DONAGHY, Respondent, v DOUGLAS DONAGHY, Respondent. DOUGLAS M.D., Nonparty Appellant. [28 NYS3d 907]—

Appeal from an order of the Family Court, Westchester County (Thomas R. Daly, J.), dated March 27, 2015. The order, insofar as appealed from, after a hearing, granted the mother's petition to modify the visitation provisions of a stipulation of settlement dated December 8, 2005, so as to extend her parenting time.

Ordered that the order is affirmed insofar as appealed from, with one bill of costs.

The parties executed a stipulation of settlement dated December 8, 2005, which was incorporated but not merged into a judgment of divorce dated May 8, 2006. The stipulation provided, inter alia, that the father would be the custodial parent of the parties' child and the mother would have parenting time. By amended petition dated July 27, 2011, the mother sought to modify the visitation provisions set forth in the stipulation so as to extend her parenting time. By order dated

March 27, 2015, the Family Court granted the mother's petition. The nonparty child appeals.

When adjudicating visitation rights, the court's first concern is the best interests and welfare of the child. Visitation is a joint right of the noncustodial parent and the child (*see Matter of Aguirre v Romano,* 73 AD3d 912, 914 [2010]; *Pollack v Pollack,* 56 AD3d 637, 638 [2008]; *Cervera v Bressler,* 50 AD3d 837, 839 [2008]). The best interests of the child lie in being nurtured and guided by both parents (*see Matter of Zwillman v Kull,* 90 AD3d 774, 775 [2011]). In order for the noncustodial parent to develop a meaningful, nurturing relationship with the child, visitation must be frequent and regular (*id.* at 775). Absent extraordinary circumstances, such as where visitation would be detrimental to the child's well-being, a noncustodial parent has a right to reasonable visitation privileges (*see Pollack v Pollack,* 56 AD3d at 638; *Cervera v Bressler,* 50 AD3d at 839).

Here, the Family Court providently exercised its discretion in granting the mother's petition to modify the visitation provisions set forth in the parties' stipulation of settlement so as to extend her parenting time. The mother established that there has been a change in circumstances such that a modification was necessary to ensure the continued best interests and welfare of the child (*see Matter of Zwillman v Kull,* 90 AD3d at 775; *Matter of Pavone v Bronson,* 88 AD3d 724, 725 [2011]). The court's determination has a sound and substantial basis in the record, and there is no basis to disturb it (*see Matter of Manzella v Milano,* 82 AD3d 1242 [2011]). Mastro, J.P., Chambers, Roman and Maltese, JJ., concur.