Matter of Connell-Charleus v Charleus (2021 NY Slip Op 08231)





Matter of Connell-Charleus v Charleus


2021 NY Slip Op 08231


Decided on March 17, 2021


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on March 17, 2021
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

MARK C. DILLON, J.P.
LEONARD B. AUSTIN
BETSY BARROS
PAUL WOOTEN, JJ.


2019-14521
 (Docket Nos. V-19433-17/17A, V-19433-17/17B)

[*1]In the Matter of Chantel Connell-Charleus, respondent,
v
Jean Rene Charleus, appellant. (Proceeding No. 1.)
In the Matter of Jean Rene Charleus, appellant,
v
Chantel Connell-Charleus, respondent. (Proceeding No. 2.)


Kyle Sosebee, Brooklyn, NY, for appellant.
Joel Borenstein, Brooklyn, NY, for respondent.
Karen P. Simmons, Brooklyn, NY (Nesta N. Johnson and Janet Neustaetter of counsel), attorney for the child.



DECISION & ORDER
In related proceedings pursuant to Family Court Act article 6, the father appeals from an order of the Family Court, Kings County (Lisa Aschkenasy, Ct. Atty. Ref.), dated December 6, 2019. The order, insofar as appealed from, after a hearing, granted the mother's petition to modify the parties' judgment of divorce so as to award her sole legal and physical custody of the parties' child and specified parental access to the father.
ORDERED that the order is affirmed insofar as appealed from, without costs or disbursements.
The mother and the father were married in 2010, and their child was born in 2015. The parties were divorced by a judgment issued by a Florida court in December 2016. At that time, the mother lived in Brooklyn and the father lived in Toronto. The judgment of divorce incorporated but did not merge a settlement agreement and parenting plan entered into by the parties. The parenting plan provided that the parties would have joint custody of the child and the father would have overnight parental access from Thursday to Sunday every other week, as well as on vacations. The parenting plan also required that the parties participate in coparenting counseling for 18 months.
In July 2017, the mother registered the Florida judgment of divorce in New York and filed a petition to modify the judgment of divorce so as to award her sole legal and physical custody of the child and specified parental access to the father. After a hearing, the Family Court granted the mother's petition, and the father appeals.
"A party seeking modification of an existing custody arrangement must show the existence of such a change in circumstances that modification is required to ensure the continued [*2]best interests of the child" (Matter of Sidorowicz v Sidorowicz, 101 AD3d 737, 738; see Matter of Fargasch v Alves, 116 AD3d 774). While joint custody is encouraged "as a voluntary alternative for relatively stable, amicable parents behaving in mature civilized fashion" (Braiman v Braiman, 44 NY2d 584, 589-590), joint custody is inappropriate where parents have evidenced an inability to cooperate on matters concerning the child (see Matter of Schweizer v Jablesnik, 95 AD3d 1341; Matter of Edwards v Rothschild, 60 AD3d 675, 677). "A change from joint legal custody to sole custody by one parent is warranted where 'the parties' relationship is so acrimonious that it effectively precludes joint decision-making'" (Matter of Schweizer v Jablesnik, 95 AD3d at 1342, quoting Matter of Picado v Doan, 90 AD3d 932, 933). Moreover, inasmuch as a court's custody determination is dependent in large part upon its assessment of the witnesses' credibility and upon the character, temperament, and sincerity of the parents, the court's exercise of its discretion will not be disturbed if supported by a sound and substantial basis in the record (see Matter of Shisgal v Abels, 179 AD3d 1070; Matter of Ruiz v Carie, 179 AD3d 1069; Matter of Pritchard v Coelho, 177 AD3d 887).
Here, the parties' relationship was strained when they entered into the parenting plan, and it subsequently deteriorated to the point that the mother petitioned for and secured an order of protection against the father. The parties do not communicate other than by text, do not engage in joint decision-making with respect to the child, and have not engaged in the counseling that was specified in the judgment of divorce (see Matter of Zall v Theiss, 144 AD3d 831). Joint custody is inappropriate where, as here, the parties are antagonistic toward each other, do not communicate at all, and have demonstrated an inability to cooperate on matters concerning the child (see Matter of Florio v Niven, 123 AD3d 708, 710; Matter of Lawrence v Davidson, 109 AD3d 826, 826; Matter of Wright v Kaura, 106 AD3d 751, 751). The continued deterioration of the parties' relationship is a change in circumstances warranting a change in the present joint custody arrangement (see Matter of Moore v Gonzalez, 134 AD3d 718; Matter of Nikki O. v William N., 64 AD3d 938, 939). The Family Court properly determined that the acrimony between the parties and their demonstrated inability to cooperate on matters concerning the child made continued joint custody inappropriate (see Matter of Schweizer v Jablesnik, 95 AD3d at 1342).
Further, given the evidence that the father had not maximized his permitted parental access and, instead, engaged in far less parental access than the judgment of divorce permitted, while the mother was the parent who primarily selected and paid for schooling and extracurricular activities for the child, and provided for the health and medical care of the child, there was a sound and substantial basis in the record for the Family Court's determination that an award of sole legal and physical custody to the mother was in the child's best interests (see Eschbach v Eschbach, 56 NY2d 167, 171-174; Matter of Solomon v Mellion, 136 AD3d 928, 929; Matter of Moore v Gonzalez, 134 AD3d 718).
Likewise, the Family Court's determination regarding the father's parental access has a sound and substantial basis in the record, and will not be disturbed (see Matter of Dennis D. [Justesen], 83 AD3d 700, 702).
DILLON, J.P., AUSTIN, BARROS and WOOTEN, JJ., concur.
ENTER:
Aprilanne Agostino
Clerk of the Court