Matter of Zambas v Condon (2024 NY Slip Op 02328)

Matter of Zambas v Condon

2024 NY Slip Op 02328

Decided on May 1, 2024

Appellate Division, Second Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on May 1, 2024
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

ANGELA G. IANNACCI, J.P.
JOSEPH J. MALTESE
WILLIAM G. FORD
CARL J. LANDICINO, JJ.

2022-00988
 (Docket Nos. V-1630-18/20L/20N, O-173-21, O-495-21)

[*1]In the Matter of Christopher Zambas, appellant,
v
Danielle Condon, respondent. (Proceeding No. 1)
In the Matter of Danielle Condon, respondent,
v
Christopher Zambas, appellant. (Proceeding Nos. 2 and 3)

Thomas T. Keating, Dobbs Ferry, NY, for appellant.
Kent A. Pritchard, Jr., Poughkeepsie, NY, for respondent.
Carl S. Chu, Hopewell Junction, NY, attorney for the child.

DECISION & ORDER
In related proceedings pursuant to Family Court Act articles 6 and 8, the father appeals from an order of the Family Court, Dutchess County (Joseph A. Egitto, J.), dated February 2, 2022. The order, insofar as appealed from, after a hearing, denied the father's amended petition to modify an order of the same court dated November 18, 2019, made on consent of the parties, so as to award him joint decision-making authority and additional parental access, granted the mother's petition to modify the order dated November 18, 2019, so as to award her sole legal and physical custody of the parties' child, and set forth a schedule of parental access for the father.
ORDERED that the order dated February 2, 2022, is affirmed insofar as appealed from, without costs or disbursements.
The parties are the parents of one child, born in 2018. Pursuant to an order dated November 18, 2019, made on consent of the parties, the mother and the father were awarded joint legal custody of the child, with primary physical custody and final decision-making to the mother and liberal parental access to the father.
In March 2020, the father filed an amended petition to modify the order dated November 18, 2019, so as to award him joint decision-making authority and additional parental access, and the mother filed a petition to modify that order so as to award her sole legal and physical custody of the child. After a hearing, the Family Court, among other things, denied the father's amended petition, granted the mother's petition, and set forth a schedule of parental access for the father. The father appeals.
"'A party seeking modification of an existing custody arrangement must show the existence of such a change in circumstances that modification is required to ensure the continued best interests of the child'" (Matter of Connell-Charleus v Charleus, 192 AD3d 890, 890, quoting [*2]Matter of Sidorowicz v Sidorowicz, 101 AD3d 737, 738). "The Family Court is in the best position to evaluate the credibility of the witnesses and its determination should not be disturbed unless it lacks a sound and substantial basis in the record" (Matter of Gold v Khalifa, 223 AD3d 803, 804 [internal quotation marks omitted]; see Eschbach v Eschbach, 56 NY2d 167, 173-174). "[J]oint custody is encouraged primarily as a voluntary alternative for relatively stable, amicable parents behaving in mature civilized fashion" (Matter of Robinson v Mustakas, 214 AD3d 880, 880 [internal quotation marks omitted]). "Evidence of a hostile relationship between the mother and the father indicating that joint decision-making is untenable is a change of circumstances" (Matter of Pierce v Caputo, 214 AD3d 877, 878-879). "A change from joint legal custody to sole custody by one parent is warranted where the parties' relationship is so acrimonious that it effectively precludes joint decision-making" (Matter of Schweizer v Jablesnik, 95 AD3d 1341, 1342 [internal quotation marks omitted]; see Matter of Connell-Charleus v Charleus, 192 AD3d at 891).
Here, the record demonstrates that the continued deterioration of the parties' relationship was a change in circumstances warranting a change in the parties' joint legal custody arrangement (see Matter of Moore v Gonzalez, 134 AD3d 718, 720). The evidence showed that the father's demonstrated inability to cooperate with the mother on matters concerning the child and the father's lack of judgment which, at times, endangered the child physically and emotionally, made continued joint legal custody inappropriate (see Matter of Robinson v Mustakas, 214 AD3d at 881; Matter of Connell-Charleus v Charleus, 192 AD3d at 891). Further, given the evidence that the mother, as the parent with primary residential custody and final decision-making authority, made appropriate decisions for the child, while the father appeared to be guided by his anger toward the mother rather than the child's well-being, there is a sound and substantial basis in the record for the Family Court's determination that an award of sole legal and physical custody to the mother was in the child's best interests (see Matter of Robinson v Mustakas, 214 AD3d at 881).
The father's remaining contentions are without merit.
IANNACCI, J.P., MALTESE, FORD and LANDICINO, JJ., concur.
ENTER:
Darrell M. Joseph
Clerk of the Court