Matter of Watling v Watling (2025 NY Slip Op 01814)

Matter of Watling v Watling

2025 NY Slip Op 01814

Decided on March 26, 2025

Appellate Division, Second Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on March 26, 2025
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

BETSY BARROS, J.P.
VALERIE BRATHWAITE NELSON
JANICE A. TAYLOR
LOURDES M. VENTURA, JJ.

2024-01450
 (Docket No. V-15592-21/21A)

[*1]In the Matter of Andrew Watling, respondent, 
v
Etta Watling, appellant.

Steven A. Feldman, Manhasset, NY, for appellant.
Tabat, Cohen, Blum, Yovino & Diesa, P.C., Hauppauge, NY (Elizabeth Diesa and Angela A. Ruffini of counsel), for respondent.
Paul K. Siepmann, Patchogue, NY, attorney for the child.

DECISION & ORDER
In a proceeding pursuant to Family Court Act article 6, the mother appeals from a corrected order of the Family Court, Suffolk County (Catherine E. Miller, Ct. Atty. Ref.), dated January 26, 2024. The corrected order, insofar as appealed from, after a hearing, granted the father's petition to modify the custody provisions of the parties' judgment of divorce dated September 15, 2020, which incorporated but did not merge a stipulation of settlement dated January 20, 2020, so as to award him sole legal and residential custody of the parties' child, with parental access to the mother.
ORDERED that the corrected order is affirmed insofar as appealed from, without costs or disbursements.
The parties, who are the parents of one child, were divorced by a judgment dated September 15, 2020. Pursuant to a stipulation of settlement dated January 20, 2020, which was incorporated but not merged into the judgment of divorce, the parties agreed, inter alia, to joint legal custody of the child, with primary residential custody to the mother, subject to the father's parental access. In November 2021, the father filed a petition to modify the custody and parental access provisions of the judgment of divorce so as to award him sole legal and residential custody of the child, with parental access to the mother. In a corrected order dated January 26, 2024, the Family Court, among other things, after a hearing, granted the father's petition. The mother appeals.
"In order to modify an existing custody arrangement, there must be a showing of a subsequent change in circumstances such that modification is required to protect the best interests of the child" (Matter of Jones v Jones, 231 AD3d 829, 830 [internal quotation marks omitted]; see Matter of Newton v McFarlane, 174 AD3d 67, 76-77). "The paramount concern when making such a determination is the best interests of the child under the totality of the circumstances" (Matter of Martinez v Gaddy, 223 AD3d 816, 817 [internal quotation marks omitted]). "When deciding whether a modification is in a child's best interests, factors to be considered include the quality of the home environment and the parental guidance the custodial parent provides for the child, the ability of each parent to provide for the child's emotional and intellectual development, the financial [*2]status and ability of each parent to provide for the child, the relative fitness of the respective parents, and the effect an award of custody to one parent might have on the child's relationship with the other parent" (Matter of Narine v Singh, 229 AD3d 700, 701 [internal quotation marks omitted]). "Stability and continuity in a child's life are [also] important factors, as are the child's wishes, which become more important as a child ages and matures" (Matter of Luke v Erskine, 222 AD3d 868, 870 [citation and internal quotation marks omitted]). "However, the existence or absence of any one factor . . . cannot be determinative[,] . . . since the court is to consider the totality of the circumstances" (Matter of Nathaniel v Mauvais, 234 AD3d 766, 768 [internal quotation marks omitted]). "Since the Family Court's determination with respect to custody and [parental access] depends to a great extent upon its assessment of the credibility of the witnesses and upon the character, temperament, and sincerity of the parties, deference is accorded to its findings in this regard, and such findings will not be disturbed unless they lack a sound and substantial basis in the record" (Matter of Graffagnino v Esposito, 223 AD3d 805, 807 [internal quotation marks omitted]).
Initially, the mother correctly contends that the Family Court improperly admitted certain letters and an email from the child's school principal and a report from a child protective services caseworker into evidence at the hearing, since those materials contained inadmissible hearsay (see Matter of MacKay v Bencal, 230 AD3d 691, 694; Matter of Wedra v Greco, 219 AD3d 753, 754). However, these evidentiary errors were harmless, as there was a sound and substantial basis in the record for the court's determination without consideration of the materials in question (see Matter of MacKay v Bencal, 230 AD3d at 694; Matter of Aaron W. v Shannon W., 96 AD3d 960, 961).
Contrary to the mother's contention, the Family Court's determination that a change in circumstances existed to warrant modification of the custody provisions of the judgment of divorce has a sound and substantial basis in the record and will not be disturbed (see Matter of Barge v Blackman, 195 AD3d 926, 927). Considering the evidence of "the deterioration of the parties' relationship" (Matter of Luke v Erskine, 222 AD3d at 871; see Matter of Cornielle v Rosado, 231 AD3d 824, 826) and "the deterioration of the relationship between the mother and the . . . child" (Matter of Rossi v O'Leary, 231 AD3d 835, 836; see Matter of Georgiou-Ely v Ely, 181 AD3d 885, 885), the record established "a sufficient change in circumstances [to] warrant[ ] an inquiry into whether modification was necessary to ensure the best interests of the child" (Matter of Mazo v Volpert, 223 AD3d 907, 909).
Moreover, there is a sound and substantial basis in the record for the Family Court's determination to award sole legal and residential custody of the child to the father (see Matter of Martinez v Gaddy, 223 AD3d at 818). "[T]he evidence indicated that the father was better suited to provide for the child's overall well-being" (Matter of Nathaniel v Mauvais, 234 AD3d at 769 [alteration and internal quotation marks omitted]), particularly in light of the behavioral issues the mother exhibited toward the child and in matters relating to the child (see Matter of Chung v Toppin, 209 AD3d 647, 649). The record also demonstrated that the child had formed relationships with her half-sibling and stepsibling, who reside with the father and the child's stepmother (see Matter of Fiore v Gima, 227 AD3d 1071, 1074; Matter of Brown v Brown, 97 AD3d 568, 570-571). Finally, the court placed appropriate "weight on the child's wishes due to h[er] age and maturity" (Matter of Mazo v Volpert, 223 AD3d at 909; see Matter of Georgiou-Ely v Ely, 181 AD3d at 886).
The parties' remaining contentions are either improperly raised for the first time on appeal, without merit, or based on matters dehors the record.
BARROS, J.P., BRATHWAITE NELSON, TAYLOR and VENTURA, JJ., concur.
ENTER:
Darrell M. Joseph
Clerk of the Court