Matter of Milton P. v Lynita G.

2026 NY Slip Op 01968

April 1, 2026

Appellate Division, Second Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This decision is uncorrected and subject to revision before publication in the Official Reports.

In the Matter of Milton P. (Anonymous), respondent,

v

Lynita G. (Anonymous), appellant.

Supreme Court of the State of New York, Appellate Division, Second Judicial Department

Decided on April 1, 2026

2024-08333, (Docket Nos. V-1658-20/21B, V-1658-20/21C, V-1658-20/21D, V-1658-20/22L,V-1659-20/21B, V-1659-20/22M)

Cheryl E. Chambers, J.P.

Deborah A. Dowling

Lillian Wan

James P. Mccormack, JJ.

Michael J. Miller, Miller Place, NY, for appellant.

Steven A. Feldman, Manhasset, NY (Arza Feldman of counsel), for respondent.

Laurette D. Mulry, Central Islip, NY (John B. Belmonte of counsel), attorney for the children.

[*1]

DECISION & ORDER

In a proceeding pursuant to Family Court Act article 6, the mother appeals from an order of the Family Court, Suffolk County (Victoria Gumbs-Moore, J.), dated August 19, 2024. The order, insofar as appealed from, after a hearing, granted the father's petition to modify an order of the same court (Heather P.S. James, Ct. Atty. Ref.) dated February 7, 2020, entered upon the parties' consent, so as to award him sole legal and residential custody of the parties' two children, with parental access to the mother.

ORDERED that the order dated August 19, 2024, is affirmed insofar as appealed from, without costs or disbursements.

The parties, who were never married to each other, are the parents of two children. While the parties were briefly separated, in an order dated February 7, 2020, the Family Court, upon the parties' consent, awarded "joint custody" of the children to the parties, "with liberal parenting time to each as the parties mutually arrange." Shortly thereafter, the parties reconciled and began residing together again. On June 6, 2021, a physical altercation between the parties occurred in the presence of the children. Child protective proceedings pursuant to Family Court Act article 10 were commenced against both parties, alleging that they engaged in acts of domestic violence, which impaired their ability to properly care for the children. Both parties admitted the allegations of neglect in the child protective petitions. The family offense proceedings, which had been commenced by the father, were resolved with the issuance of mutual orders of protection to each party. In June 2021, the father filed a petition to modify the order dated February 7, 2020, so as to award him sole legal and residential custody of the children, with parental access to the mother. Following a hearing, in an order dated August 19, 2024, the Family Court, among other things, granted the father's petition and awarded him sole legal and residential custody of the parties' two children, with parental access to the mother. The mother appeals.

"In order to modify an existing custody arrangement, there must be a showing of a [*2]subsequent change in circumstances such that modification is required to protect the best interests of the child" (Matter of Watling v Watling, 236 AD3d 1047, 1047 [internal quotation marks omitted]; see Matter of Jones v Jones, 231 AD3d 829). "The required change in circumstances may be found to exist, among other circumstances, where the parties' relationship has deteriorated to a point where there is no meaningful communication or cooperation for the sake of the child[ ]" (Matter of Narine v Singh, 229 AD3d 700, 701 [internal quotation marks omitted]). "The paramount concern when making such a determination is the best interests of the child under the totality of the circumstances" (Matter of Pierce v Caputo, 214 AD3d 877, 878 [internal quotation marks omitted]; see Matter of Graffagnino v Esposito, 223 AD3d 805, 807).

"When deciding whether a modification is in a child's best interests, factors to be considered include the quality of the home environment and the parental guidance the custodial parent provides for the child, the ability of each parent to provide for the child's emotional and intellectual development, the financial status and ability of each parent to provide for the child, the relative fitness of the respective parents, and the effect an award of custody to one parent might have on the child's relationship with the other parent" (Matter of Smisek v DeSantis, 239 AD3d 867, 868 [internal quotation marks omitted]; see Matter of Martinez v Gaddy, 223 AD3d 816, 817). "Stability and continuity in a child's life are [also] important factors" (Matter of Olivieri v Olivieri, 170 AD3d 849, 850; see Matter of Brathwaite v Lightsey, 242 AD3d 883, 884). "In addition, the disruption of relationships between siblings should be avoided in the absence of an overwhelming need to do so" (Matter of Narine v Singh, 229 AD3d at 701 [internal quotation marks omitted]). "Moreover, if domestic violence is proved, the court must consider its effects on the child" (Matter of Acevedo v Cassidy, 236 AD3d 645, 647 [internal quotation marks omitted]; see Domestic Relations Law § 240[1]). "Inasmuch as a court's custody determination is dependent in large part upon its assessment of the witnesses' credibility and upon the character, temperament, and sincerity of the parents, the court's custody determination will not be disturbed if supported by a sound and substantial basis in the record" (Matter of Turcios v Cordero, 173 AD3d 1048, 1049; see Matter of Brown v Brown, 97 AD3d 568, 570).

Here, considering, inter alia, the deterioration of the parties' relationship, the Family Court properly determined that a change in circumstances existed to warrant modification of the custody arrangement to protect the best interests of the children (see Matter of Smisek v DeSantis, 239 AD3d at 869; Matter of Llanos v Barrezueta, 232 AD3d 606, 608-609). Moreover, there is a sound and substantial basis in the record for the court's determination to award sole legal and residential custody of the children to the father. Accepting the court's credibility determinations, the evidence adduced at the hearing demonstrated, among other things, that the father is better suited to promote stability in the children's lives, better able to provide for the children's emotional needs, and more likely to foster the other parent's relationship with the children.

The mother's remaining contentions are either unpreserved for appellate review or without merit.

CHAMBERS, J.P., DOWLING, WAN and MCCORMACK, JJ., concur.

ENTER:

Darrell M. Joseph

Clerk of the Court